### BRENNER et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 11, 1922.)

No. 23.

1. **Indictment and information** ⚖➡62—**Charge must be direct, and not inferential.**

An indictment must charge an offense directly, and not inferentially or by recital, and all material facts and circumstances embraced in the definition of the offense must be stated in the indictment, and, if any essential element is omitted, such omission cannot be supplied by intendment or implication.

2. **Conspiracy** ⚖➡43(6)—**Indictment held insufficient.**

An indictment for conspiracy to commit an offense against the United States government, to wit, to use nonbeverage alcohol for beverage purposes in violation of Food Control Act Aug. 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛e et seq.), Tax Act Oct. 3, 1917, and Act Nov. 21, 1918, which charged as the overt act the "purchase of five barrels of distilled spirits, to wit, nonbeverage alcohol," stated no offense nothing in these acts prohibiting such use of nonbeverage alcohol,

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and there being no allegation of facts disclosing the contemplated use to be unlawful.

**3. Indictment and information ⊚⟹71—Allegations must distinctly, particularly, and clearly allege facts constituting offense.**

An indictment must so distinctly state the facts claimed to constitute the criminal breach as to advise accused of the charge to be met, and afford him fair opportunity to prepare his defense, and so particularly as to enable him to avail himself of a conviction or acquittal in defense of another prosecution for the same offense, and so clearly that the court may determine whether the facts stated are sufficient to support conviction.

**4. Indictment and information ⊚⟹71, 202(7)—Must allege facts with reasonable particularity, and omission to plead particulars of time, place, and circumstances not cured by verdict.**

Unless otherwise provided by statute, an indictment must set forth the acts and intent constituting the offense, with reasonable particularity as to time, place, and circumstances, such particulars being matters of substance, and not of form, and their omission is not aided or cured by verdict.

**5. Indictment and information ⊚⟹202(5)—Insufficiency of indictment not cured by verdict.**

Insufficiency of an indictment for conspiracy to use nonbeverage alcohol for beverage purposes, in violation of Act Aug. 10, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛e et seq.) and Act Oct. 3, 1917, and Act Nov. 21, 1918, *held* not cured by verdict under instructions submitting case on theory that the charge was conspiracy to procure nonbeverage alcohol by means of an unlawful sale, and to use it for beverage purposes, thus avoiding internal revenue regulations.

In Error to the District Court of the United States for the Eastern District of New York.

Criminal proceedings against Leo Brenner and Herman Brenner, in which the defendants were convicted of conspiracy to violate Food Control Act Aug. 10, 1917, Act Oct. 3, 1917, and Act Nov. 21, 1918 (section 37, Criminal Code [Comp. St. 1918, § 10201]). From the judgment of conviction, defendants bring error. Reversed.

Thomas J. Cuff, of New York City (Vine H. Smith and Henry P. Keith, both of New York City, of counsel), for plaintiffs in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Henry J. Walsh, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The indictment against the plaintiffs in error contains three counts. There was an acquittal directed on the second and third counts, and the case was submitted to the jury under the proof and a conviction rendered under the first county only. The first count charges that the plaintiffs in error conspired between the 1st of December, 1919, and the 26th of December, 1919, "to commit an offense against the United States government, to wit, to use nonbeverage alcohol 'for beverage purposes' in violation of the Food Control Act of August 10, 1917 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛e et seq.] and the Acts of November 21, 1918 [40 Stat. 1045], and October 3, 1917 [40 Stat. 300]," and that in furtherance of the conspiracy the following overt act was committed:

· "That during the continuance of said conspiracy and for the purpose of effecting the object of the same, the said Herman Brenner, Leo Brenner, * * * and each of them, did purchase five barrels of distilled spirits, to wit, nonbeverage alcohol, from divers person to the said grand jurors unknown."

The alcohol referred to was testified to by government experts as being grain alcohol and containing nothing injurious. It is also referred to as "cologne spirits," which is said to mean that it is high-proof alcohol, such as is used for the manufacture of cologne. A motion was made to dismiss the indictment for insufficiency at the opening of the trial, and the motion was renewed at the end of the government's proof. At this stage of the trial, the record discloses the following:

"Mr. Cuff: Now the defendant moves to dismiss the first count in the indictment on the first ground that there is no crime alleged—

. "The Court: I have passed on your motion to dismiss on the indictment. I have those, and, gave you an exception. Any motion that I shall entertain at the present time is the motion whether there shall be an acquittal directed on the ground no conspiracy has been proven.

"Mr. Cuff: We make the motion separately as to each count. The court denies each motion as to each count. Now we move the three counts together, that a verdict of acquittal be directed for the reason that no crime has been shown, no concert of action to commit these offenses which are charged in the indictment, and further than that on the ground that in no instance has an overt act been proved which is in furtherance of the conspiracy. * * *

"The Court: I will deny your motion."

[1] The sufficiency of the indictment is challenged by the assignments of error. We think this sufficiently presents the question of whether or not count 1 of the indictment charged a crime. The charge of conspiracy herein is that the plaintiffs in error conspired to commit an offense against the United States, to wit, to use nonbeverage alcohol for beverage purposes in violation of the Food Control Act of August 10, 1917 (40 Stat. c. 53, pp. 276–287), the Tax Act of October 3, 1917 (40 Stat. c. 63, pp. 300–338), and the war prohibition rider on the Agricultural Bill of November 21, 1918 (40 Stat. c. 212, p. 1045 et seq.). An examination of these statutes discloses that there is nothing contained therein which made it unlawful for the plaintiffs in error to receive alcohol and transport it or have it in their possession or in their place of business. There is no charge in the indictment that they conspired to sell such liquor for beverage purposes, or that they conspired to sell it for any purpose. The charge is a conspiracy to use nonbeverage spirits for beverage purposes and nothing more. The case proceeded to trial, and it was submitted to the jury on a charge of conspiring to obtain the alcohol by an illegal sale and also that the plaintiffs in error conspired to obtain nonbeverage alcohol and use it for beverage purposes, thus avoiding the regulations of the Internal Revenue Acts.

It will not be necessary for us to examine more than the question presented in the assignment of error as to the sufficiency of the indictment in charging a crime, for we think the indictment was demurrable. The Food and Fuel Control Act of August 10, 1917, known as the Lever Act, placed in the hands of the government, for war purposes, complete control over the supply and distribution of food and fuel. Sec-

tion 15 of that act provided that certain food material, such as grains, should not be used in the distillation of spirits, and section 16 authorized the President to commandeer stocks of spirits for the manufacture of munitions, etc. But nothing contained in these statutes that we are able to find, would prohibit the use of nonbeverage alcohol for beverage purposes. The Prohibition Act bears no relation to the conduct of the plaintiffs in error as set forth in the indictment. The Act of October 3, 1917, is entitled "An act to provide revenue to defray war expenses and for other purposes." Its provisions impose new taxes on various articles, including an additional tax on spirits. This taxation is, however, where the spirits are withdrawn from bond for beverage use or otherwise intended for such use. They contained no prohibition of the beverage use of nonbeverage alcohol. The court in its charge to the jury stated that this statute had no bearing upon the case. The Act of November 21, 1918, was entitled "An act to enable the Secretary or Agriculture" to do certain things by appropriating certain sums (1) to prevent disease of live stock; (2) for procuring distribution, etc., of seeds; (3) to eradicate insects; (4) to increase food production. This last provision provided that after June 30, 1919, and until the conclusion of the war and demobilization, the sale of intoxicating liquors for beverage purposes was prohibited. But no prohibition is provided for which would make criminal the use for beverage purposes of alcohol withdrawn from bond or otherwise declared to be intended for nonbeverage use.

[2, 3] The indictment does not state what use was to be made nor discloses how the contemplated use would constitute an offense. Because of the failure to so state what the offense was, the indictment is bad. It is a general rule in reference to an indictment that all material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication. The charge must be made directly, and not inferentially, or by way of recital. Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419. In United States v. Beiner (D. C.) 275 Fed. 704, the indictment charged conspiracy to "unlawfully, willfully and knowingly violate the act of Congress known as the National Prohibition Act and as the Volstead Act [41 Stat. 305], particularly title 2 thereof, in that they would unlawfully, willfully, and knowingly sell, barter, transport, deliver, furnish, and possess distilled spirits and intoxicating liquor otherwise than as authorized in the aforesaid act of Congress and in violation of its provisions." It was held that under the National Prohibition Act distilled spirits and intoxicating liquors could be bartered, transported, etc., under certain conditions and for certain purposes, and that the manner in which this act was to be violated by the plaintiff in error was not disclosed by the recital above from the indictment and that consequently no conspiracy to commit an offense against the United States was sufficiently alleged. The court said:

"The manner of violation intended by them, as set forth in the indictment, is 'that they would unlawfully, willfully, and knowingly sell, barter, transport, deliver, furnish, and possess distilled spirits and intoxicating liquor otherwise than as authorized' in the said act of Congress in violation of

said act. The word 'unlawfully' is a conclusion of the pleader, clearly, and the words 'otherwise than as authorized' are a conclusion of the pleader."

[4] It is essential to the sufficiency of the indictment that it set forth the facts which the pleader claims constitute the alleged criminal breach so distinctly as to advise the accused of the charge which he has to meet and to give him a fair opportunity to prepare his defense, so particularly as to enable him to avail himself of a conviction or acquittal in advance of another prosecution for the same offense, and so clearly that the court may be able to determine whether or not the facts there stated are sufficient to support a conviction. Fontana v. U. S. (C. C. A.) 262 Fed. 283.

[5] The indictment must charge the offense in more than the generic terms as in the definition. It must descend to particulars. United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588. A crime, unless otherwise provided by statute, is made up of acts and intent, and they must be set forth in the indictment with reasonable particularity as to time, place and circumstances. Such particulars are matters of substance and not of form, and their omission is not aided or cured by a verdict. In United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516, it was said:

"The essential requirements, indeed, all the particulars constituting the offense of devising a scheme to defraud, are wanting. Such particulars are matters of substance, and not of form, and their omission is not aided or cured by the verdict."

The case of McGrath et al. v. United States (C. C. A.) 275 Fed. 294, is not in point. In that case, an indictment charged the United States income tax inspectors with asking, accepting, and receiving money with intent to have their decisions and actions influenced in a matter which was before them, in their official capacity, to wit, a prosecution for having filed an income tax not in accordance with the law, and it was held to set forth matter before the defendants in their "official capacity" or in "a place of trust or profit," as those words are used in the Criminal Code. This court said:

"The defect in the indictment in the instant case is evidently a clerical mistake. It cannot possibly have worked prejudice to the defendant, and we must assume that the judge below properly charged the jury, and that the evidence was sufficient to support the verdict, and we therefore hold that the verdict cured the defect."

It also differs from the case of Wilson v. U. S. (C. C. A.) 275 Fed. 307, where the charge was the use of the mails to defraud, and where the indictment did not set out the contents of the letters mailed, but charged a scheme to defraud by inducing persons to purchase stock of the corporation, well knowing that it was not worth the price charged for it, and where the value or price of such stock at which it was sold or intended to be sold, was not set forth. This court, holding the indictment sufficient said:

"In this case the defendants went to trial without making any objection to the indictment. There was no motion to quash, no demurrer, no application for a bill of particulars. As they went to trial without any objection, now that they have been convicted, they cannot come into this court to raise objections which must have been met at the trial. If the defects

existed, and we do not think they did, they are defects which under the rule were cured by verdict. It is the rule in criminal as it is in civil cases that, where an averment necessary to support a particular part of an indictment has been imperfectly stated, the defect is cured by the verdict, if it appears to the court that unless the averment were true the verdict could not be sustained. * * * The matters said to be indefinitely set forth could not have been proved as alleged unless the government produced all the evidence necessary to support the most careful pleadings."

[6] Because we conclude that the indictment here fails to allege a criminal offense the verdict pronouncing guilt on the facts proven at the trial does not cure the indictment. Any proof establishing facts of what is alleged in the indictment falls short of charging or establishing a crime. Since we have concluded that error was committed in failing to dismiss the indictments, when motions so to do were made, and since it necessarily follows that the indictment must be dismissed after the case is remanded to the District Court, it becomes unnecessary to examine the other errors assigned.

Judgments of conviction reversed, and the District Court is directed to dismiss the indictment and discharge the plaintiffs in error.