## ANDERSON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 10, 1923.)

No. 83.

1. **Indictment and information ⬅119—Allegations of custody in another rejected as surplusage, and count held sufficient.**

   A count of an indictment alleging that defendant unlawfully had in his possession 500 cases of whisky, "which was in the custody of the American Railway Express Company in a car marked and known as "P. R. R. 2471," *held* sufficient, notwithstanding the objection that possession by defendant was negatived, as the quoted words may be rejected as surplusage.

2. **Indictment and information ⬅202(5)—Unnecessary words may be rejected, after verdict, as surplusage.**

   Unnecessary words in an indictment, not altering the nature of the charge, may be rejected as surplusage, after the verdict.

3. **Intoxicating liquors ⬅222—Exception need not be negatived in words of statute.**

   It is not necessary that an exception be negatived in the words of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and other words of like import will suffice.

4. **Intoxicating liquors ⬅236(6½)—Evidence held sufficient to support conviction for possessing.**

   Evidence that intoxicating liquors were brought into premises rented by defendant under a fictitious name, and also into his garage, *held* sufficient to support a count, under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and regulations thereunder for possession of intoxicating liquors.

5. **Intoxicating liquors ⬅221—Lack of permit essential allegation of count alleging sale for nonbeverage purposes.**

   Lack of a permit is an essential allegation in a count alleging a sale of intoxicating liquors for nonbeverage purposes, in view of National Prohibition Act, tit. 2, §§ 3, 6, 32 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½c, 10138½s).

6. **Indictment and information ⬅71—Every essential element must be clearly alleged.**

   A crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged.

7. **Indictment and information ⬅63—Facts supporting conclusion must be alleged.**

   To allege that sale of liquor for nonbeverage purposes was unlawful is merely to state the pleader's legal conclusion, and the facts supporting that conclusion must be alleged.

8. **Indictment and information ⬅111(2)—Rule as to alleging statutory exception stated.**

   Where a statute contains an exception which is so incorporated with the language defining the offense that it becomes a part of the description, and the ingredients of the offense cannot be accurately described if the exception is omitted, the indictment must show that the accused is not within the exception.

9. **Criminal law ⬅890—Jury's intent properly ascertained by poll, and sealed verdict corrected.**

   Where, in a prosecution for violating the National Prohibition Act, the jury returned a sealed verdict of guilty on the first and second counts, but, on the court questioning the foreman, foreman stated that it was the jury's intent to find defendant guilty on the first shipment, and that in-

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

294 F.—38

tent was verified by a polling of the jury, it was proper to correct the verdict to find defendant guilty on the third and fourth counts, which covered the first shipment.

In Error to the District Court of the United States for the Western District of New York.

Harvey Anderson was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Goldberg & Sherman, of New York City (Robert S. Johnstone and Stanley L. Richter, both of New York City, of counsel), for plaintiff in error.

William J. Donovan, U. S. Atty., of Buffalo, N. Y.

Before ROGERS, MANTON and MAYER, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error was indicted on four counts for violation of the National Prohibition Act. Rev. Stat. § 1022, Comp. Stat. § 1686; Criminal Code, §, 335, Comp. St. § 10509. The first count alleged that on November 25, 1920, he unlawfully did have in his possession, contrary to the provisions of the Act of October 28, 1919 (Comp. St. Ann. Supp. 1923, § 10138¼et seq.), and the regulations thereunder, 500 cases of whisky for beverage purposes. The second count alleged that on November 25, 1920, the plaintiff in error unlawfully did sell, for nonbeverage purposes, 500 cases of whisky, which had been consigned to a person in Buffalo. The third count alleged that on November 14, 1920, the plaintiff in error unlawfully did have in possession, contrary to the provisions of the Act of October 28, 1919, and the regulations thereunder, 500 cases of whisky for beverage purposes, to wit, 500 cases of whisky consigned to Agatha M. Moehlau, No. 21 Illinois street, Buffalo, N. Y., by H. E. Pogue Distilling Company, Maysville, Ky., which was in the custody of the American Railway Express Company in a car marked and known as "P. R. R. 2471." In the fourth count it was alleged that on November 14, 1920, the plaintiff in error unlawfully did sell for nonbeverage purposes 500 cases of whisky, which had been consigned to Agatha M. Moehlau, No. 21 Illinois street, Buffalo, N. Y., by H. E. Pogue Distilling Company, Maysville, Ky., in the custody of American Railway Express Company, in a car marked and known as "P. R. R. 2471," and which cases had been delivered by the agents and employees of said express company to the plaintiff in error at No. 21 Illinois street, Buffalo, N. Y.

The court submitted proofs as to each of the counts to the jury, and it returned a sealed verdict the morning after its submission, in which it found the plaintiff in error guilty as charged in counts 1 and 2 of the indictment. Thereupon the court inquired of the foreman whether it was the intention of the jury to find the plaintiff in error guilty on the first shipment. The foreman said it was, and after the jury was polled the court reported the verdict as guilty upon the third and fourth counts of the indictment. They were deemed acquitted on the first and second counts. Thereupon sentence was imposed of a fine of $500 on the third count and imprisonment of three months on the fourth count.

[1] Upon this writ of error, the sufficiency of the indictment as to counts 3 and 4 is challenged. The third count charges possession of the 500 cases of whisky on November 14th for beverage purposes. It states that the possession by the plaintiff in error was the whisky in the express company's custody in the car consigned to Moehlau. This possession is charged to be contrary to the act and regulations thereunder. The sufficiency of this count is raised by motions to dismiss at the close of the government's case, and at the close of the whole case, and by a motion in arrest of judgment. The offense charged in the third count is possession of intoxicating liquors for beverage purposes. The claim of the plaintiff in error is that the count is defective because, in setting forth the specific facts required to show a prohibited possession, the pleader has negatived possession by the plaintiff in error in specifying it in some one else, and that has destroyed the count of the indictment, and it is said that, even if the specific facts (which negative possession by the plaintiff in error) could be and were eliminated, the indictment would be bad because of generality and lack of necessary averment.

[2] The words of the indictment, "which was in the custody of the American Railway Express Company in a car marked and known as P. R. R. 2471," are descriptive as showing where the liquor was, and which evidently, according to the proof of the case, was transferred from the car to No. 21 Illinois street, Buffalo, New York, the premises which the plaintiff in error occupied as a tenant. These words of the indictment are mere surplusage. Unnecessary words, not altering the nature of the charge, inserted in an indictment by the grand jury, may be rejected as surplusage after the verdict. United States v. Moody (D. C.) 164 Fed. 269. The evidence disclosed that the plaintiff in error had possession of the whisky alleged in the indictment. Two express wagons brought the liquor to No. 21 Illinois street, and after the wagons were gone the whisky was unloaded, the plaintiff in error helped put the liquor inside the premises, and some 300 ·cases were taken to his garage in the city of Buffalo and some three or four other places, according to orders. The premises No. 21 Illinois street were rented by the plaintiff in error under the fictitious name of Moehlau. Section 32, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½s) provides:

"In any affidavit, information, or indictment for the violation of this act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed. It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so."

Section 3, title 2 (Comp. St. Ann. Supp. 1923, § 10138½aa), provides:

"No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating

liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented."

When it was declared unnecessary for the information to include any defensive negative averments, this was in harmony with the general rule of pleading as announced by the Supreme Court in United States v. Cook, 84 U. S. (17 Wall.) 168, 21 L. Ed. 538. There it was said:

"Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense that the ingredients of the offence cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the section defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception [indictment], the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused."

See, also, United States v. Illig (D. C.) 288 Fed. 939.

[3, 4] It is not necessary that the exception be negatived in the words of the statute. Other words of like import will suffice. United States v. Behrman, 258 U. S. 287, 42 Sup. Ct. 303, 66 L. Ed. 619. The indictment shows that the liquor was in the custody of the express company, but was consigned to the plaintiff in error under a fictitious name, and ultimately delivered to his premises. We do not think this pleading negatives possession by the plaintiff in error, and hence does not destroy this count of the indictment. The words are descriptive only, and point out where the whisky was, and indicate to whom it was consigned eventually. The allegation as to custody is mere surplusage. We think there was evidence to support the third count of the indictment. It was shown that liquor entered into his actual or physical possession at No. 21 Illinois street, and again at his garage. This was sufficient under the statute.

[5] We do not think the fourth count of the indictment sufficiently alleges an offense under the act. It alleges that the plaintiff in error "knowingly, wrongfully, and unlawfully" did sell for nonbeverage purposes 500 cases of whisky. The charge is selling for nonbeverage purposes. There is no allegation in the count charging that the plaintiff in error did not have a permit. National Prohibition Act, tit. 2, § 3, provides:

"Liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only as herein provided, and the Commissioner may upon application, issue permits therefor."

By title 2, § 6 (Comp. St. Ann. Supp. 1923, § 10138½c), it is provided that no one shall manufacture, sell, purchase, transport, or prescribe any liquor without first obtaining a permit from the Commissioner so to do. Therefore it was lawful to sell liquor for nonbeverage purposes. To do so without a permit is an offense. The lack of a permit is an essential allegation of the crime. We think it must be alleged. United States v. Standard Brewery, 251 U. S. 210, 40 Sup. Ct. 139,

54 L. Ed. 229; United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; Brenner v. United States (C. C. A.) 287 Fed. 636.

[6, 7] The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged. Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830. To allege that what was done was unlawful is merely to state the conclusion of the pleader. Brenner v. United States, supra. The facts supporting the legal conclusion must be alleged. To admit this essential fact is to render the indictment void.

[8] Nor do we think that section 32, tit. 2, of the National Prohibition Act, excuses the requirement to allege the fact here. Where a statute contains an exception which is so incorporated with the language defining the offense that it becomes in fact a part of the description, and the ingredients of the offense cannot be accurately described, if the exception is omitted, the indictment must show that the accused is not within the exception. United States v. Cook, 84 U. S. (17 Wall.) 168, 21 L. Ed. 538; United States v. Carney (D. C.) 228 Fed. 163. We conclude, therefore, that an ingredient of this crime was the sale of intoxicating liquors for nonbeverage purposes without having first obtained a permit, and that it is necessary to allege it.

[9] What transpired at the time of the rendition of the verdict does not render it null and void as claimed. The court undoubtedly had authority to correct an uncertainty in the verdict. The jury was but reporting when the sealed verdict was delivered. When the error was shown, through the foreman and at the polling of the jury, after the jury had announced the plaintiff in error guilty on the first and second counts, which involved the later shipment, the verdict was changed and entered in the minutes as finding the plaintiff in error guilty on the third and fourth counts of the indictment. This meant an acquittal on the first and second counts. It apparently resulted from confusion by the jury as to which counts covered the first shipment. We think thus recording the verdict of the jury corrected the error and was proper. The jury made no change in the result of their verdict. Kawin & Co. v. American Colortype Co., 243 Fed. 317, 156 C. C. A. 97.

Judgment affirmed on the third count, and reversed on the fourth count.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes