## HAYNES et al. v. UNITED STATES.*

## SCHOPP et al. v. SAME.

(Circuit Court of Appeals, Second Circuit. January 23, 1925.)

### Nos. 141, 261.

**1. Criminal law ⟨⟩1090(1)—On writ of error, in absence of bills of exception, only objections available are defects of indictment good on motion in arrest of judgment.**

On writ of error to review conviction of conspiracy, where no bills of exceptions were settled, nothing is presented for review, but some objection to the indictment that would have been good in arrest of judgment, though the indictment might have been open to demurrer or motion to quash on grounds not available after verdict.

**2. Indictment and information ⟨⟩71—Indictment must charge every ingredient of crime with certainty, so as to protect accused from second prosecution.**

Crime must be charged with certainty, every ingredient must be clearly alleged, and indictment must advise court and accused beyond doubt of crime charged, and must protect accused from second prosecution for same offense.

*Certiorari denied 45 S. Ct. 638, 69 L. Ed. ——.

**3. Conspiracy ⫘43(6)—Indictment for conspiracy to violate Prohibition Act held sufficient as against objection that it failed to allege manner of violation.**

An indictment charging conspiracy to violate "National Prohibition Act" (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), duly charging overt acts, *held* sufficient as against objection that it failed to set forth facts as to particular manner in which act would be violated.

In Error to the District Court of the United States for the Eastern District of New York.

Joseph ·Haynes, William Van Engelen, Charles Schopp, and others were convicted of conspiracy to violate the National Prohibition Act, and they bring· error. Affirmed.

Plaintiffs in error were tried at one time and under one indictment, though separate writs were taken. No bills of exceptions were settled; therefore the matters brought on for argument relate entirely to the sufficiency of the indictment. McGrath v. United States (C. C. A.) 275 F. 294.

The indictment charged that a plurality of persons, including all these plaintiffs in error, at times specified and at places within the Eastern district of New York and the jurisdiction of the lower court, "did unlawfully, willfully, knowingly, and feloniously conspire, combine, confederate, or agree together, and with one another, and each with the other, and with divers other persons whose names are to the grand, jurors unknown, and therefore not mentioned herein, to commit an offense against the United States, to wit, to unlawfully, willfully, and knowingly violate the act of Congress * * * commonly known as the Volstead Act, in that they would unlawfully, willfully, and knowingly sell, barter, transport, import, deliver, furnish, and possess distilled spirits and intoxicating liquor otherwise than as authorized in the aforesaid act of Congress, * * * and in violation of the provisions of" said statute.

Overt acts were duly charged. After trial, all the plaintiffs in error were convicted, and Haynes and Van Engelen sentenced to the penitentiary for a year and a day each, and Schopp`fined $2,000. Whereupon they severally took these writs.

Joseph H. Wackerman, of Brooklyn, N. Y. (Vine H. Smith, of New York City, of counsel), for plaintiff in error Schopp.

James G. Moore, of New York City (Evarts L. Prentiss, of New York City, of counsel), for plaintiffs in error Haynes and Van Engelen.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before ROGERS, HOUGH; and LEARNED HAND, Circuit Judges.

HOUGH, *Circuit Judge* (after stating the facts as above). [1] Argument on the record above described brings before us nothing but some objection to the indictment that would have been good in arrest of judgment (Bishop, Crim. Proc. § 1368), even though as a pleading the indictment might have been open to demurrer, or even motion to quash, on grounds not available after verdict. It follows that the only question before us is whether plaintiffs in error are right in asserting (in the language of one brief) that the indictment is fatally defective, in that it fails to set forth the criminal acts and conduct contemplated by the accused, or (as put by other counsel) in failing to set forth the facts as to the particular manner in which the "Volstead Act" would be violated.

It is to be steadily borne in mind that these men were not charged with violating the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), but with conspiracy—a separate crime, under a wholly different statute. Possibly every overt act charged was in itself an offense under the Prohibition Act, but it is an error,. which prosecutors and defendants must alike shun, to think that conspiracy is necessarily proved by proof of overt acts, or conviction unjustified because the facts called overt acts are not woven into the fabric of the charging part of the indictment.

Every indictment is a pleading, and if the basic rule of good pleading were more frequently applied, and indictment verbosity restrained to a brief statement of facts according to their legal effect, much good would result. Nor is it true that one good indictment for crime A is good for all crimes labeled A. Reliance on a form book will still beget error, as long as offenders insist on behaving in so individualistic a manner as is now their practice.

[2] Consequently the canons of criminal pleading prescribed by well-considered cases of authority are few and elastic, and this is especially true in the courts of the United States, where every accusation must rest on a statute. This court has very lately repeated the only general rule here of importance, viz. that·the crime must be charged with cer-

tainty, every ingredient thereof must be clearly alleged, it must advise the court and the accused beyond any doubt of what crime accusation is made, and it must protect the accused from a second prosecution for the same offense. Rumely v. United States (C. C. A.) 293 F. 532; Anderson v. United States (C. C. A.) 294 F. 593.

As for conspiracy, Pettibone v. United States, 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419, rules that, where the charge is of an agreement to compass or promote a criminal purpose, that purpose must be fully and clearly stated in indictment, but if the purpose is not per se criminal, but the means are, then the unlawful means must be similarly set forth; but no sound ruling has ever declared that the means or the purpose must be alleged at length. As for that criminal intent which is an ingredient of conspiracy, as of all crimes not relieved of it by statute, an averment that the accused unlawfully, willfully, or feloniously committed acts forbidden, imports an unlawful motive, and motive, as has been often said, begets intent. Pierce v. United States, 252 U. S. 239, 40 S. Ct. 205, 64 L. Ed. 542.

[3] Measured by these holdings, it is upon reason impossible to see what is lacking in this indictment. That consent of minds which is the essence of conspiracy is charged in words not complained of, and all men are bound to know that section 3, tit. 2, of the Prohibition Act (41 Stat. 408 [Comp. St. Ann. Supp. 1923, § 10138½aa]), declares that no person shall "manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized by this act"; while section 29 of the same title (Comp. St. Ann. Supp. 1923, § 10138½p), enacts that any person violating "any of the provisions of this title, for which offense a special penalty is not prescribed" shall be fined and/or imprisoned; none of the unlawful purposes charged here has any special penalty attached thereto; the same sanction covers them all.

We do not mean to suggest that selling liquor is the same crime as transporting it, but we do insist that, owing to the structure of the statute creating a whole nexus of crimes, there is no difficulty in any one knowing just what the indictment means, viz. that these plaintiffs in error agreed to do any or all of the list of things forbidden, as might at the moment of action seem safe and profitable. The crime charged was not what they might do, but what they did, viz. agree to do many things, in a future they could peer into no better than other men; they did not themselves know just how they would import or transport or sell, but they intended to accomplish those things severally and collectively unlawful, and that was enough; on reason, no indictment draftsman is bound to know as much as is here demanded. On authority, Miller v. United States (C. C. A.) 300 F. 529, answers the contention at bar; indeed, the indictment there considered would seem to have been taken from the same form book here admittedly used. We agree with Denison, J.

Plaintiffs in error rely greatly on United States v. Beiner (D. C.) 275 F. 704, a case heard on removal proceedings under R. S. § 1014 (Comp. St. § 1674), and consequently equivalent to a demurrer to indictment. As above pointed out, defects that might be available on demurrer are not always good on motion in arrest, and writ of error. Possibly some of the flaws picked in the indictment there considered, were well taken; but we do not agree with the holdings of that case, in so far as they are opposed to the Miller Case, supra.

It is true that in Brenner v. United States, 287 F. 636, we cited the Beiner Case approvingly. To the essential ruling there made we adhere, viz. that the indictment charged no more than an agreement to use nonbeverage alcohol for beverage purposes, when the statutes did not render it unlawful so to do; but we now think that that decision must be restricted to the holding stated, and that the Beiner Case cannot be relied on to support anything not actually decided. We may add that United States v. Dowling (D. C.) 278 F. 630, is a decision like that in Beiner's Case, and we regard it in the same way.

Finally, section 32 of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½s), is not to be whittled away until it is no more than declaratory of existing law. It was intended to simplify indictments under the statute, and to put on an accused the burden of showing that his sale, etc., was "authorized by this act." This being true of indictments for offenses under the statute, it is a fortiori true of a charge under Criminal Code, § 37 (Comp. St. § 10201), where the Prohibition Act serves only to measure or define the crime or crimes which conspirators agreed to commit.

Judgment affirmed.