## In re BRENNER.

(Circuit Court of Appeals, Second Circuit. March 2, 1925.)

No. 153.

1. **Appeal and error ⚖=4—Order denying motion for return of liquor reviewable by writ of error.**

An order denying an application for return of liquor seized is reviewable by writ of error and not by appeal.

2. **Intoxicating liquors ⚖=255—Owner, on acquittal for unlawful possession, held entitled to return of liquor seized.**

Where liquor was seized without a warrant, and a conviction of the owner for unlawful possession was reversed by the appellate court on the ground that there was then no statute making his possession unlawful, he is entitled to return of the liquor on proper application to the court.

3. **Intoxicating liquors ⚖=255—Owner of liquor unlawfully seized held entitled to its return.**

The right of the owner of liquor unlawfully seized from his possession for alleged violation of a prohibition statute to its return after his acquittal cannot be defeated by the assertion of its liability to seizure under the internal revenue laws; no such claim having been made during the more than five years it was in custody.

Appeal from and in Error to the District Court of the United States for the Eastern District of New York.

In the matter of the application of Leo Brenner for the release to him of liquor and property From an order denying his application, he appeals and brings error. Appeal dismissed, and order reversed, with directions, on writ of error.

Henry P. Keith, of New York City (Vine H. Smith and Thomas J. Cuff, both of New York City, of counsel), for petitioner.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Wm. A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), opposed.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. [1] The petitioner below comes into this court for review, both by appeal and by writ of error, of an order of the District Court entered February 8, 1924, which denied the petitioner's application for the return to him of certain liquor seized on December 24, 1919, under the Prohibition Act then in force. Counsel has brought the case into this court by an appeal and a writ of error. In so doing he was undoubtedly influenced by what the District Judge stated in his opinion denying the petitioner's motion for the return of the liquors. That opinion in its entirety was as follows: "Motion denied. Remedy, if applicant is entitled to any, is in equity, not by summary order." But we have no doubt that the petitioner's remedy to bring the case into this court is by writ of error, and the appeal is accordingly dismissed, and the case will be disposed of on the writ of error.

The petitioner states that the United States marshal for the Eastern district of New York and the collector of internal revenue for the First collection district of New York seized and took into custody certain liquor of which the petitioner was the sole and lawful owner at the date of seizure and still is such owner. It recites that two indictments were filed in the United States District Court for the Eastern District of New York, which charged the petitioner and certain other defendants with the illegal possession and use of the said liquor, in violation of certain acts of Congress, and that to both of these indictments the petitioner pleaded not guilty. It alleges that on one of these indictments the defendants were convicted; that thereafter the case was brought to this court, which reversed the conviction and directed the District Court to dismiss the indictment and discharge the defendants; that thereafter the District Court, acting upon the mandate of this court, dismissed the indictment and discharged the petitioner; that thereafter,

upon consent of the United States attorney, the remaining indictment was dismissed; that there are now no indictments pending against the petitioner for any alleged violation of law concerning the possession of the said liquors. It avers that the petitioner "is now the lawful owner and entitled to the immediate possession" of the liquors, and the petitioner prays for an order directing the United States attorney and the collector of internal revenue to release the liquor described and permit him to convey the same to his home.

[2] The District Court, in denying the prayer of the petitioner for the return of the liquors, had nothing before it, so far as the transcript of record discloses, but the verified petition, the allegations, which we have above set forth, and an affidavit made by one who says that at the time of the seizure he was an internal revenue inspector employed by the United States government, and that he, acting with a deputy collector, visited the premises of the petitioner. He states what he found there, and their seizure of the liquor, and that Leo Brenner (the petitioner herein) and three others were arraigned before the United States commissioner and held in $5,000 bail each for a hearing. He also states that the parties arraigned before the United States commissioner were indicted by the federal grand jury; but he makes no reference to the fact, already mentioned herein, that the only indictment upon which these men were tried was ordered dismissed by this court and that the defendants were ordered discharged. See the opinion of this court in Brenner v. United States, 287 F. 636. The other indictment against them was, as before mentioned, dismissed in the District Court itself.

The officers who made the search and seizure entered the premises and made the seizure without a search warrant. Moreover, this court, when the case was here on writ of error (287 F. 636), in effect held in substance that, under the acts of Congress at the time involved, there was nothing which made unlawful the possession of the liquors which were seized. In our opinion we said: "An examination of these statutes discloses that there is nothing contained therein which made it unlawful for the plaintiffs in error to receive alcohol and transport it or have it in their possession or in their place of business. There is no charge in the indictment that they conspired to sell such liquor for beverage purposes, or that they conspired to sell it for any purpose. The charge is a conspiracy to use nonbeverage spirits for beverage purposes and nothing more."

If it was not unlawful for the petitioner to have this liquor in his possession at the time of its seizure, its seizure was unlawful, and its detention from its owner is equally unlawful. No proceeding, civil, penal, or criminal, is pending against the petitioner or against this liquor at the present time. Moreover, it is not now possible for the United States to allege and expect this court to consider whether this petitioner was unlawfully possessed of the liquor at the time it was seized. As between the petitioner and the United States, that question was settled and has become res adjudicata by the decision of this court in Brenner v. United States, 287 F. 636. It is perfectly plain to us that property lawfully in the possession of A. at the time it was unlawfully seized must be restored to A. when it appears that A. has been unlawfully deprived of that which, under the law, he was at the time entitled to have in his possession.

[3] It appears from the affidavit made by an internal revenue inspector, which was submitted to the court below and is contained in the record, that the inspector and also the deputy collector, after this petition for the return of the liquor was filed, now "recommend" an assessment of taxes and penalties against the petitioner and on the liquors to the amount of $2,653.05; and it is claimed that while the petitioner had the liquor in his possession he failed to comply with certain regulations relative to registration and making returns, and thus committed a fraud upon the government and became amenable to the government for a fine, and the property became subject to seizure under Rev. St. §§ 3452 and 3453 (Comp. St. §§ 6354, 6355).

But we cannot now determine that issue in this proceeding. There is nothing in this record which discloses that any information in rem is pending or at any time has been instituted against this petitioner for the forfeiture of the liquor because of any violation of the internal revenue law of the United States; and there is nothing in this record to show that this liquor was originally seized by the government upon the theory that this petitioner had been guilty of a violation of the revenue laws. As the seizure of these liquors was made in December, 1919, and the petition for the return of the liquor was filed on February 28, 1923, and was not determined by the District Court until Jan-

uary 28, 1924, if the government intended to proceed against the petitioner for a violation of the revenue laws and to declare a forfeiture on that ground, it certainly has had abundant time within which to institute its information and determine its legal right to the forfeiture. But it has done nothing in that direction, nor is there anything before us which indicates that it has any intention of taking any such steps.

We have been led to make the foregoing comment because, while the property may be seized without a warrant for the violation of the internal revenue laws (United States v. Fears, Fed. Cas. No. 15,080), the title of the owner is not divested by the seizure, but remains in him until a decree of forfeiture is obtained (Tracey v. Corse, 58 N. Y. 143; Wessels v. Beeman, 87 Mich. 481, 49 N. W. 483). It is, however, perfectly clear that this property was not seized for a violation of the revenue laws of the United States; but, if it had been, this long delay in instituting an information for its forfeiture would amount to an intolerable abuse of power, and under section 934 of the Revised Statutes (Comp. St. § 1560) it is in the custody of the law and subject to the orders and decrees of the courts of the United States. Standard Carpet Co. v. Bowers (D. C.) 284 F. 284. And, being so subject, in our opinion the liquor, after this long delay, and the failure of the government to institute any proceeding for its forfeiture, should have been restored to the possession of the petitioner, who upon this record appears to be its owner and entitled to its immediate possession.

In view of the fact that it is perfectly evident to us that this seizure was not made because of a violation of the internal revenue law, and inasmuch as several years have elapsed since the seizure was made, and no information in rem for a forfeiture has been instituted, a summary application by petition for the return of the liquors will lie. If it appeared that the seizure was made for a violation of the internal revenue law, and that the liquor is in custody of the court on that ground, a summary application of this nature for its return might not be the proper course of procedure. But under the circumstances disclosed we do not doubt that the matter may be disposed of upon summary application of the petitioner.

Order reversed, and the District Court is directed to grant the prayer of the petitioner.