## UNITED STATES v. DWYER et al.

(District Court, S. D. New York. May 11, 1926.)

1. **Indictment and information ⬤⟹111(1)—Indictment for conspiracy to violate Prohibition Act need not include any defensive negative averments (National Prohibition Act, tit. 2, § 32 [Comp. St. Ann. Supp. 1923, § 10138½s]).**

Indictment for conspiracy to violate Prohibition Act need not include any defensive negative averments, in view of National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), permitting such procedure in case of indictment for violation of prohibition statute.

2. **Conspiracy ⬤⟹43(6)—Indictment for conspiracy need not allege crime any more elaborately than when charged as substantive offense.**

Crime which is object of unlawful conspiracy requires no more elaborate statement in indictment than is necessary for allegation of crime charged as substantive offense.

3. **Indictment and information ⬤⟹111(1)—Indictment for conspiracy to violate Prohibition Act held not demurrable for failure to negative possibility that objects of conspiracy were lawful, where indictment alleged that acts were in violation of Prohibition Act (National Prohibition Act, tit. 2, § 3 [Comp. St. Ann. Supp. 1923, § 10138½aa]).**

Indictment for conspiracy to violate the Prohibition Act *held* not demurrable for failure to negative possibility that objects of conspiracy were lawful, under National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), where indictment set forth that acts were in violation of Act Cong. Oct. 28, 1919, commonly known as National Prohibition Act, as such language sufficiently negatived possibility that acts would be within permissive terms of statute.

4. **Indictment and information ⬤⟹121(1).**

Any prejudice to defendants by reason of generalities or vagueness in indictment may be overcome by bill of particulars.

Prosecution by the United States against William V. Dwyer and others for conspiracy to commit an offense against the United States. On demurrer to the declaration. Demurrer overruled.

Emory R. Buckner, U. S. Atty., of New York City (Herman T. Stichman, John M.

Harlan, and William E. Stevenson, Asst. U. S. Attys., all of New York City, of counsel), for the United States.

Wellman, Smyth & Scofield, of New York City (Herbert C. Smyth and Roderic Wellman, both of New York City, of counsel), for defendants.

KNOX, District Judge. Under the provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), a person may not lawfully purchase, import, transport, sell, barter, and deliver intoxicating liquor containing more than one-half of 1 per centum, by volume, and fit for beverage purposes, except under circumstances and conditions expressly specified by statute. To engage in the traffic of intoxicating liquor fit for beverage purposes in any of the foregoing particulars, or to possess the same, in the absence of the expressly permitted circumstances and conditions, constitutes a violation of law, and subjects the offender to prescribed pains and penalties.

[1, 2] By the terms of section 32 of title 2 of the prohibition statute (Comp. St. Ann. Supp. 1923, § 10138½s), it is not necessary in an indictment for a violation thereof to "include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful." If this method of pleading be insufficient for the definition of an act denounced by the statute as a crime, and which is the subject of prosecution, I see no objection to the employment of a like method of pleading for the definition of the same offense when its commission constitutes the object of an unlawful conspiracy. In other words, the crime, which is the object of an unlawful conspiracy, requires no more elaborate statement than is necessary for the allegation of the crime when charged as a substantive offense. An identification of the offenses which are the objects of the conspiracy is all that is requisite. Williamson v. United States, 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278.

In the indictment now before the court upon demurrer, it is charged that a number of named persons "did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree together * * * to commit an offense against the United States, to wit, to purchase, import, transport, possess, sell, barter and deliver intoxicating liquor containing more than one half of one per centum of alcohol by volume and fit for use for beverage purposes *in violation of the Act of Congress approved October 28, 1919,* commonly

known as the National Prohibition Act." The pleading then goes on to aver, as parts of the conspiracy, the plan and purpose of the defendant to purchase large quantities of such liquor in foreign countries to bring the same to various points on the high seas off the northeastern coast of the United States, to import the liquor from off the ships by means of boats, operating between the vessels at sea and the coast of the United States, and to sell the same in various parts of the country and by corrupt means to induce government and municipal agents and employees to facilitate and aid in the illegal importation, transportation, and distribution of the liquor.

The indictment then contains a variety of overt acts, which it is charged were designed to effect the objects of the conspiracy. Two of the defendants contend that the pleading is so vague, and so barren and destitute of appropriate allegations, as to demand that their demurrer be sustained. Their argument is that the various acts set forth as being the objects of the conspiracy are expressly lawful under that portion of section 3 of title 2 of the Act (Comp. St. Ann. Supp. 1923, § 10138½aa), which reads: "Liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered * * * and possessed, but only as herein provided, and the Commissioner may, upon application, issue permits therefor."

[3] The argument overlooks the first paragraph of the same section of the statute, which is to the effect that no person shall "manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor *except* as authorized in this act." Unless the defendants were authorized to do the things which the indictment charges it was their object to do, the acts, if committed, would be unlawful. Bearing in mind the provisions of section 32 of title 2 of the act, the fact that what the defendants conspired to do is averred to have been "in violation of the Act of Congress approved October 28, 1919, commonly known as the National Prohibition Act," I do not think defendants' objections are well taken. It is true that the indictment, in negativing the possible lawfulness of the acts which defendants agreed to commit, does not say that such acts were prohibited and unlawful. But it seems to me that the words "in violation of the Act of Congress, approved October 28, 1919, commonly known as the National Prohibition Act," which are the indictment phraseology, constitute an equivalent for the words of the statute. That statement

plainly means that the contemplated acts of the defendants were to be committed without the authorization that was required to make them lawful, and it sufficiently negatives the possibility that such acts would, under any circumstance, be within the permissive terms of the statute. See Rudner v. United States (C. C. A.) 281 F. 516; Rulovitch v. United States (C. C. A.) 286 F. 315; Anderson v. United States (C. C. A.) 294 F. 593; Huth v. United States (C. C. A.) 295 F. 35; and Haynes v. United States (C. C. A.) 4 F.(2d) 889. I appreciate that the decision in the case of United States v. Dowling (D. C.) 278 F. 630, announces a conclusion contrary to that which I have reached. While I have much respect for the judge who made that decision, I find myself unable to give assent thereto.

[4] The argument that section 32 of title 2 of the act, if applicable in support of this indictment, is unconstitutional, does not, I think, merit discussion. Any possible prejudice to the defendants, by reason of generalities or vagueness in the indictment, may be overcome through the medium of a bill of particulars.

Demurrer overruled.