## MIDDLETON v. UNITED STATES.
### No. 8985.

Circuit Court of Appeals, Eighth Circuit.
April 27, 1931.

Floyd Terral, of Little Rock, Ark., for appellant.

Ira J. Mack, Asst. U. S. Atty., of Newport, Ark. (Wallace Townsend, U. S. Atty., of Little Rock, Ark., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

Defendant was convicted of conspiracy with other defendants to transport and possess intoxicating liquor, contrary to the provisions of the National Prohibition Act. The indictment contained counts charging that the defendant possessed intoxicating liquor and transported it, but the jury acquitted him of those charges. The indictment alleged, in substance, that appellant and others at a time and place named, knowingly and unlawfully conspired to commit the offenses against the United States of possessing intoxicating liquor in violation of the National Prohibition Act and of transporting intoxicating liquor in violation of the National Prohibition Act. The count charging conspiracy is somewhat meager in stating the usual details of an alleged conspiracy, but the allegation properly was as broad as the conspiracy itself. Wing v. United States (C. C. A.) 280 F. 112, 113; Hockett v. United States (C. C. A.) 265 F. 588, 590. If there was an unlawful agreement by the defendants to possess and transport intoxicating liquor in violation of the National Prohibition Act (27 USCA), and acts were done by the defendants to carry out the agreement, then there was a conspiracy to violate that law, although no method of executing the conspiracy may have been agreed upon. Pierce v. United States, 252 U. S. 239, 244, 40 S. Ct. 205, 64 L. Ed. 542; Frohwerk v. United States, 249 U. S. 204, 209, 39 S. Ct. 249, 63 L. Ed. 561; Haynes v. United States (C. C. A.) 4 F.(2d) 889, 890; Langley v. United States (C. C. A.) 8 F.(2d) 815, 819. It is not necessary to state the details of the offense which is the object of a conspiracy as particularly as in charging the commission of the offense. Wong Tai v. United States, 273 U. S. 77, 81, 47 S. Ct. 300, 71 L. Ed. 545; Thornton v. United States, 271 U. S. 414, 423, 46 S. Ct. 585, 70 L. Ed. 1013; Thomas v. United States (C. C. A.) 156 F. 897, 906. The charges of conspiracy held to be sufficient in Huth v. United States (C. C. A.) 295 F. 35; Martin v. United States (C. C. A.) 299 F. 287; Miller v. United States (C. C. A.) 300 F. 529; Gibson v.

United States (C. C. A.) 31 F.(2d) 19; United States v. Dwyer (D. C.) 13 F.(2d)' 427, were substantially the same in essentials as the charge of conspiracy in this case. The particular complaint alleged by appellant here is that it should have been charged not only that the defendants unlawfully conspired to transport and possess the intoxicating liquor, but also that they so conspired to unlawfully transport and possess it. The allegation in the indictment that the defendants conspired to transport and possess this intoxicating liquor in violation of the National Prohibition Act is equivalent to a charge of unlawful transportation and possession. Gibson v. United States (C. C. A.) 31 F. (2d) 19, 21; United States v. Dwyer (D. C.) 13 F.(2d) 427, 428.

 Appellant claims that the verdict finding him guilty of the conspiracy charged is inconsistent with the verdicts finding him not guilty of the alleged unlawful possession and transportation, because there was no evidence of the appellant's possession or transportation of any intoxicating liquor except on one occasion. His argument is that an acquittal of an unlawful possession or transportation of that liquor necessitated an acquittal of the charge of a conspiracy to transport or possess it. If the facts be conceded, the contention is answered by what the Supreme Court of the United States said in United States v. Rabinowich, 238 U. S. 78, 85, 35 S. Ct. 682, 683, 59 L. Ed. 1211: "It is apparent from a reading of section 37, Crim. Code (section 5440, Rev. Stat. [18 USCA § 88]), and has been repeatedly declared in decisions of this court, that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. Callan v. Wilson, 127 U. S. 540, 555, 8 S. Ct. 1301, 32.L. Ed. 223, .228; Clune v. United States, 159 U. S. 590, 595, 16 S. Ct. 125, 40 L. Ed. 269, 271; Williamson v. United States, 207 U. S. 425, 447, 28 S. Ct. 163, 52 L. Ed. 278, 290; United States v. Stevenson (No. 2), 215 U. S. 200, 203, 30 S. Ct. 37, 54 L. Ed. 157, 158. And see Burton v. United States, 202 U. S. 344, 377, 26 S. Ct. 688, 50 L. Ed. 1057, 1069, 6 Ann. Cas. 362; Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153. The conspiracy, however fully formed, may fail of its object, however earnestly pursued; the contemplated crime may never be consummated; yet the conspiracy is none the less punishable. Williamson v. United States, supra. And it is punishable as conspiracy,

though the intended crime be accomplished. Heike v. United States, 227 U. S. 131, 144, 33 S. Ct. 226, 57 L. Ed. 450, 455, Ann. Cas. 1914C, 128." See, also, Kelly v. United States (C. C. A.) 258 F. 392, 395, 396.

Although the proofs may not have convinced the jury that appellant himself transported the liquor, or possessed it, they may have satisfied the jury that he was engaged in a conspiracy that had as its object such transportation or possession, and the overt acts alleged in the indictment are not confined to the acts of appellant, but embrace the acts of the other alleged conspirators.

 Appellant was a witness on his own behalf, and on cross-examination the prosecuting attorney asked him if he had not been convicted of certain misdemeanors. The appellant's objection to this line of testimony was overruled, and the appellant answered that he had been convicted in the United States court in 1920, 1925, and 1928 on charges of the possession of liquor, and he admitted that he had been fined because of such convictions. The court afterwards on his own motion withdrew this testimony and instructed the jury to disregard it, so far as possible, and again in the final instructions to the jury emphatically told them to disregard the testimony. Under the settled rules of this court, the admission of this testimony must be regarded as erroneous, because the questions were not limited to convictions for felony, infamous crimes, or crimes involving moral turpitude. A consideration of all the evidence leads to the conclusion that the prejudice against the defendant was not removed by the laudable endeavor of the court to withdraw the evidence, or by the instructions that it be disregarded, Haussener v. United States (C. C. A.) 4 F.(2d) 884, 887; Lawrence v. United States (C. C. A.) 18 F.(2d) 407; Jianole v. United States (C. C. A.) 299 F. 496, 499; Neal v. United States (C. C. A.) 1 F.(2d) 637, 639; Pittman v. United States (C. C. A.) 42 F.(2d) 793, 795; and this error is sufficient to require a reversal of the conviction of appellant.

█ In the argument to the jury, the prosecuting attorney said: "They have brought witnesses here to impeach the reputation of government witnesses, but they have not brought any witnesses to show the good character and reputation of the defendants. Why didn't they bring witnesses here to show you what sort of reputation these defendants have? If they are men of good character, they should have done so."

The defendant objected to these remarks, but no ruling was made by the court on the objection. This was error. Whether an admonition by the court and a withdrawal of the remarks might have cured the error need not be decided, but the failure to so act is such an error as also requires a reversal. The rule has been stated in McKnight v. United States (C. C. A.) 97 F. 208, 211 (Judges Taft, Lurton, and Day) as follows:

"Where no testimony is offered, the accused can rest upon the legal presumption of good character. The question in this case is: May he be required to rest upon that presumption, qualified by the argument of the prosecuting attorney, made with the approval of the court, urging the jury to consider that the accused could have introduced testimony, had he been able to do so, showing his good character? To permit such course of proceeding would be to deprive the accused of the legal presumption in his favor. The suggestion of counsel, thus approved by the court, may be more detrimental to the rights of the accused than any testimony which could be adduced against him. In effect, it not only destroys the presumption in his behalf, but permits an inference that his character is bad because he has not produced proof to the contrary. While there is some confusion, and perhaps conflict, in the cases on the subject, sound principle, as well as the weight of authority, concurs in holding such comments, approved by the court, to constitute such substantial error as requires a reversal and new trial. The rule is well stated in 1 Bish. Cr. Proc. § 1119:

" 'It is the defendant's privilege, not his duty, to open by evidence the question of his character. The expense, the remoteness of witnesses, confidence in his case, and other considerations would often dissuade him therefrom, however certain of success therein. Hence, and because the state may not show a character bad which the defendant has not put in issue, the omission of this evidence does not justify the presumption that it is not good; and neither counsel nor the judge has the right to argue to the jury that it does, nor should they assume anything against it while deliberating on their verdict.' "

The same rule is announced in Lowdon v. United States (C. C. A.) 149 F. 673, 676, 677; 16 Corp. Jur. 905.

Other errors are assigned, but they are such as may not arise upon a new trial, and are therefore not considered.

The judgment will be reversed and a new trial awarded to appellant.