**BERNHARDT et al. v. UNITED STATES.**

Nos. 10652, 10653.

United States Court of Appeals
Sixth Circuit.

Sept. 27, 1948.

[1] Now 28 U.S.C.A. § 1291.

984

George S. Fitzgerald, of Detroit, Mich. (George S. Fitzgerald, Paul B. Mayrand, and Stanley Gelfund, all of Detroit, Mich., on the brief), for appellants.

Gerald P. Openlander, of Toledo, Ohio (Gerald P. Openlander and Marcus L. Friedman, both of Toledo, Ohio, and Don C. Miller, of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

The appellants complain of their conviction and sentence upon two informations, the first charging them with violating 18 U.S.C.A. § 641, in stealing, embezzling or knowingly applying to their own use certain property furnished for the use of the military or naval service of the United States, and the second charging violation of 18 U.S.C.A. § 201, in paying $400 to one Edwin Harry Gust, an employee of the United States, with the intent to influence his decision or action in a matter within his jurisdiction, thereby making an opportunity for the commission of a fraud upon the United States. Their grievance rests upon nice technicalities, interesting but not persuasive of error.

■ Their complaint in respect to the charges laid in the first information is that they are defective because of duplicity, because of variance with proofs which evidenced a taking of materials declared surplus to the needs and responsibilities of the army, and because of an alleged repugnancy in verdicts for stealing and bribery supported by the same evidence. The principal contention in respect to this challenge is that the alleged stolen goods were declared surplus by the War Department, reported as such by inventory to the War Assets Administration in Detroit and there segregated as available for sale to purchasers. It is undisputed, however, that the goods were still at the army depot and under army control, and Major Campbell of the United States Army and the executive officer of the depot, testified, without contradiction, that he was held accountable and responsible for such material until it should physically leave the confines of the depot. It is conceded that the stolen goods came originally within the classification of property furnished for the use of the mili-

tary service of the United States. We think it was still within that classification so long as the army was responsible for it and that its theft or unlawful application were within the ambit of the statute alleged to have been violated.

■ If we are wrong in this, the appellants still must fail if lawfully convicted upon the second information, since the sentences were made concurrent. Gust was paid by the appellants to arrange for delivery to them certain Ford V-8 starters, by channeling delivery to a company operated by them. Gust was an employee of the War Department with duties that required him to work for the War Assets Administration in carrying out orders for disposal of surplus property, and such property was within his accountability and responsibility until it physically left the depot. The first challenge to the sufficiency of the charge under the second information, is that Ross' duties were not defined by either statute, written rule or regulation. It is now clear, however, that if the duties of his position were based upon a lawful requirement of the department under whose authority he acted, his jurisdiction so to act is sufficiently established by proof of a usage which constitutes the common law of the department. United States v. Birdsall, 233 U.S. 223, 241, 34 S.Ct. 512, 58 L.Ed. 930. There was such proof. Repugnancy in convicting the same persons for stealing and bribery on the same evidence, does not exist where the bribery was designed to facilitate the theft. It is elementary that one may, by a single series of acts, commit more than one indictable crime unless some essential element of the two crimes requires proof of facts in themselves inconsistent. No such inconsistency here appears.

■ The second information, however, charged both theft and embezzlement. These are, of course, inconsistent crimes for embezzlement presupposes lawful possession and theft does not. They are, however, defined in the statute and alleged in the information in the alternative, and while the appellants could not have been convicted of both crimes upon the same evidence, they could have been convicted of one or the other. They were tried to the court without a jury, and the point is made that the verdict, when first announced by the court, was that the defendants were guilty as charged. The judgment and commitment, however, on the § 641 charge, reads: "The defendant having been convicted on a finding of guilty by the Court of the offense charged in the information in the above-entitled cause, to-wit: Theft of Government Property, * * *" It would seem to be clear that if courts have the power before discharging a jury to correct any uncertainty in a verdict, Anderson v. United States, 2 Cir., 294 F. 593, 597; Shiflett v. Welch, 4 Cir., 161 F.2d 933, 934, it must follow that a judge acting without a jury has like power, especially in cases of misjoinder of counts which are incompatible with each other, if correction is made within a reasonable time. Matheson's Adm'r v. Grant's Adm'r, 2 How. 263, 43 U.S. 263, 11 L.Ed. 261.

■ The fear expressed by counsel that one of the appellants might be subject to deportation if the verdict of guilty on both informations is upheld, in view of the fact that he is an alien, would appear to be groundless in view of the decision in Fong Haw Tan v. Phelan, 333 U.S. 6, 7, 68 S.Ct. 374. The statute, § 19(a) of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 155(a), which renders a defendant deportable if twice convicted, was there interpreted to authorize deportation only where an alien having committed a crime involving moral turpitude and having been convicted and sentenced, thereafter again commits a crime of that nature and is again convicted and sentenced for it. It does not apply when an alien is but once called before the bar and receives judgment, whether for one or several crimes.

The judgments are affirmed.