**UNITED STATES of America,**
**Appellee,**

v.

**John Joseph CLUTTERBUCK, Appellant.**

**No. 26518.**

United States Court of Appeals,
Ninth Circuit.

July 7, 1971.

Certiorari Denied Oct. 12, 1971.
See 92 S.Ct. 108.

John R. Lewis, Jr. (argued), of Desmond, Miller, Desmond & West, Sacramento, Cal., for appellant.

Richard W. Nichols, Asst. U. S. Atty. (argued), Dwayne Keyes, U. S. Atty., Sacramento, Cal., for appellee.

Before MERRILL, BROWNING and HUFSTEDLER, Circuit Judges.

MERRILL, Circuit Judge:

Appellant was convicted of theft of Government property in excess of $100, in violation of 18 U.S.C. § 641.[1] He was

---

1. "Whoever * * * steals * * * any * * * thing of value of the United States * * · *

   Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

given concurrent sentences of ten years on each of four counts, and on one count he was fined $10,000.

On appeal we found that the Government had "failed to prove the value of the articles stolen under any count exceeded $100." United States v. Clutterbuck, 421 F.2d 485, 486 (9th Cir. 1970). We noted that the statute under which appellant had been convicted and sentenced provides that, where the value of the property stolen is not shown to be in excess of $100, the maximum sanction is a fine of $1,000 or imprisonment for one year or both. Therefore, we held: "The sentence imposed is set aside and the matter is remanded for resentencing." Id.

On resentencing pursuant to our remand, appellant was given four consecutive sentences of one year each and a $1,000 fine on each count—a total of four years' imprisonment and $4,000 fine, substantially less than the penalties originally imposed.

On this appeal appellant contends that, since the original sentences on the several counts were concurrent and a fine was imposed on but one count, the resentencing on a consecutive basis and with fines imposed on all counts was improper. All the judge properly could do on remand, appellant contends, was to reduce the prison sentence to four concurrent terms of one year each and the fine to $1,000.

North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), on which appellant relies, does not compel this result. There the Court was concerned that the possibility of increased punishment on remand would deter the exercise of appeal rights. Any sentence on remand less severe than the sentence originally imposed would avoid conflict with the *Pearce* rule. *See* Thurman v. United States, 423 F.2d 988 (9th Cir. 1970).

Nor does Kennedy v. United States, 330 F.2d 26 (9th Cir. 1964), support appellant's position. That case concerned the power of a district court, acting on its own authority, to correct sentence under Rule 35, Federal Rules of Criminal Procedure. It held that where the original sentence was unlawful on account of its being in excess of the statutory limit for the crime for which it was imposed the District Court could not impose wholly new sentences pursuant to a Rule 35 motion. Rather, the court was limited to correcting the original sentence by eliminating the excess that rendered it illegal.

However, this court in *Kennedy* expressly distinguished Kitt v. United States, 138 F.2d 842 (4th Cir. 1943), where resentencing had been directed by a reviewing court. It was stated, 330 F.2d at page 29:

"On the first appeal, in Kitt, instead of revising the sentence by reducing the term of imprisonment to one within the statutory limits, as the Appellate Court might have done, and affirming that part of the judgment, it remanded the case for an entirely new sentence. As stated in United States v. Chiarella, supra, 214 F.2d [838] at page 842:

'That did away with the original sentences and so it was held on the second appeal that the district court might resentence by imposing any sentence which could lawfully have been imposed originally.'

In the instant case the original sentences were imposed by the District Court and the same court did the resentencing without any mandate from an Appellate Court."

Here, in contrast, the district judge did no more than follow our mandate.

With reference to the terms of our earlier remand, it may be noted that the error which we corrected was not one in determining the proper extent of punishment for a crime the defendant was lawfully found to have committed; rather the error was in determining the dimensions of the crime for which the defendant was punishable. Proceeding

afresh is entirely appropriate in such a case, since never had an exercise of the judicial sentencing power and discretion been directed to offenses of the dimensions we found to exist.

Affirmed.