**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Vincent LOPEZ, Defendant-Appellant.**

**No. 1042, Docket 82–1430.**

United States Court of Appeals,
Second Circuit.

Argued March 22, 1983.
Decided May 3, 1983.

Douglas F. Eaton, New York City, for defendant-appellant.

Barbara S. Jones, Asst. U.S. Atty., S.D. N.Y., New York City (John S. Martin, Jr., U.S. Atty., S.D.N.Y., Walter P. Loughlin, Asst. U.S. Atty., New York City, of counsel), for plaintiff-appellee.

Before OAKES, CARDAMONE, and WINTER, Circuit Judges.

PER CURIAM:

On June 15, 1982, Lopez pleaded guilty before Judge Robert W. Sweet to two counts of conspiracy to transport stolen property in interstate commerce in violation of 18 U.S.C. § 371 (1976). Each count carried a maximum penalty of five years imprisonment and a $10,000 fine, giving rise to a total exposure of ten years imprisonment and a $20,000 fine. At sentencing on November 15, 1982, Judge Sweet mistakenly believed that each count carried a possible ten year penalty and imposed a six year term on each count, to be served concurrently. Lopez immediately surrendered to the custody of the United States Marshal and began serving his sentence that day. The judgment of conviction was also filed on the same day, November 15.

The next day Lopez filed a motion for correction of the sentence under Fed.R. Cr.P. 35, noting that he had received one year more than the statutory maximum on each count. On November 30, 1982, Judge Sweet corrected the sentence to a five year term on Count 1 and a one year term on Count 2, to run consecutively, for a total of six years, stating "the intention of the court at the time of sentencing was clear—a six year term was, and still is, an appropriate sentence, and consecutive terms will be imposed to achieve this intention."

On appeal, Lopez challenges the district court's power to correct his illegal sentences to provide for consecutive rather than concurrent terms once he had begun serving them. Relying in part on the Double Jeopardy Clause of the Fifth Amendment, he argues that the district court's Rule 35 powers extend only to correcting the illegality in his individual sentences—that is, reducing the terms from six years to five. We disagree.

Lopez invites us to draw a bright line rule that no sentence may be altered so as to

prejudice a defendant who has begun serving his sentence. While doubt exists as to whether such a rule is constitutionally mandated after the decision in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *see, e.g., McClain v. United States,* 676 F.2d 915, 918 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Busic,* 639 F.2d 940, 947 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981), we agree that a clear rule is necessary in the interests of both fairness and the finality of sentences. Our disagreement with Lopez arises over the question of what kinds of sentence alterations constitute prejudice to a defendant.

■ In the instant case, Lopez has not suffered actual prejudice since neither the length nor the conditions of confinement have been affected. He initially received two concurrent six year prison terms. On resentencing, he received a five year term and a one year term, to run consecutively. His total "sentencing package" thus remained unchanged after correction of the illegal sentences. *See McClain, supra.* The change from concurrent to consecutive terms did not alter Lopez's prospects for parole or the calculation of good time. Sentences are aggregated, or "combined to form a single term," for purposes of determining release and parole eligibility dates. The United States Parole Commission Procedures Manual (January 21, 1983) at M–01(a), p. 121; *see* 28 C.F.R. §§ 2.1–2.60 (1982). The aggregate of consecutive sentences is also the basis for reduction for good time, 18 U.S.C. § 4161 (1976), and there is thus no difference between two six-year concurrent terms or a five year and a one year term running consecutively for purposes of good time. The United States Parole Commission Procedures Manual (January 21, 1983) at M–01(c); *see* C.F.R. §§ 2.6, 2.60.

*United States v. DeLeo,* 644 F.2d 300 (3d Cir.1981), is distinguishable. In *DeLeo,* the defendant challenged a condition of probation that he pay $5,000 in restitution on the ground that the actual loss to his victims was only $3,081. The district court responded by changing the penalty to a $5,000 fine. On appeal, the Third Circuit held that the only issue properly before the district court was the "proper amount of restitution." *See also Fiore v. United States,* 696 F.2d 205 (2d Cir.1982) (probation of individual defendant improperly conditioned upon payment of a fine imposed contemporaneously upon a corporation which was in excess of the maximum fine to which the defendant was individually subject). In the instant case, Lopez's prison sentences were clearly before Judge Sweet and, as corrected, were within the statutory limits.

■ We thus draw the bright line at the point at which a district court's correction of illegal sentences then being served actually prejudices the defendant. Lopez correctly points out that Parole Commission guidelines or statutory calculation of good time may change in the future and that the restructuring of his sentences might then actually prejudice him. It is true that 28 U.S.C. § 2255 (1976) generally requires an attack upon the basis of a conviction rather than an error in the sentence itself and that Rule 35 requires that motions for reduction of an illegally imposed sentence, as opposed to a facially illegal sentence, must be filed within 120 days of sentencing, subject to certain exceptions inapplicable here. *See generally,* Advisory Committee Notes to Rule 2 of F.R.Cr.P. Rules Governing Proceedings under 28 U.S.C. § 2255. However, we have not been inhospitable to claims raised under section 2255 which attack a facially valid sentence on due process grounds without attacking the underlying conviction. *See, e.g., United States v. De-Lutro,* 617 F.2d 316 (2d Cir.1980); *United States v. Malcolm,* 432 F.2d 809, 814–15, 818 (2d Cir.1970). *Accord United States v. McCarthy,* 433 F.2d 591, 592 (1st Cir.1970); *United States v. Lewis,* 392 F.2d 440 (4th Cir.1968). For example, in *Malcolm, supra,* we entertained an attack on a sentence under section 2255 notwithstanding the defendant's failure to challenge his underlying conviction, that the sentence itself was within legal limits, and that the 120 day

limit for attacking illegally imposed sentences under Rule 35 had passed. Noting that appellate courts may grant collateral relief on a claim that a sentence is "the product of procedures inconsistent with due process of law," *Malcolm* cast that standard in broad terms of justice and fundamental fairness. We are thus confident that if a change in parole or good time calculation actually prejudices Lopez because of the alteration of sentences from concurrent to consecutive, the courts will give his claim proper consideration.

Affirmed.

Sloviter, J., dissented and filed opinion.