UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcel Fernando JORDAN,
Defendant–Appellant.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark Christopher MENG,
Defendant–Appellant.

Nos. 88–5081, 88–5082.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 1989.

Decided Sept. 12, 1989.

As Amended Feb. 5, 1990.

---

William J. Genego, University of Southern California Law Center, Los Angeles, Cal., for defendants-appellants.

David A. Sklansky, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before ALARCON, BRUNETTI and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Defendants Marcel Jordan and Mark Meng appeal the district court's order correcting their original sentences. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for resentencing.

## FACTS

Jordan and Meng were convicted of multiple felonies including nineteen counts of mail fraud. On May 21, 1987, the district court sentenced Jordan and Meng to serve twelve years in prison for each of the nineteen mail fraud counts. These twelve-year terms were to run concurrently. The court also ordered payment of certain fines and restitution, but this part of the order is not at issue.

Approximately seven months later, Jordan and Meng filed motions to correct their twelve-year sentences pursuant to Federal Criminal Rule 35(a).[1] The maximum legal sentence for mail fraud is five years. 18 U.S.C. § 1341 (1982). The district court's twelve-year sentences were illegal. Jordan and Meng moved the court to reduce the illegal sentences to five years for each count and argued that the sentences should run concurrently.

The government responded with a partial opposition to the defendants' motions. It agreed the twelve-year terms of the sentences were illegal, but it moved to restructure the sentences to effectuate the court's intent as to the overall term of imprisonment without violating the statutory maximums. The district court agreed with the

---

1. The relevant portion of Rule 35 as it read at the time applicable in this case provided:

   (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
   Fed.R.Crim.P. 35(a) (prior to 1985 amendment).

Congress rewrote Rule 35 in 1985. However, "[t]he prior version of Rule 35 that we construe here still governs sentences for crimes committed before November [1, 1987]." *United States v. Minor*, 846 F.2d 1184, 1188 n. 4 (9th Cir.1988). All references to "Rule 35" in this opinion refer to the old Rule 35.

government. It imposed new sentences of two years each on six of the mail fraud convictions and ordered these sentences to run consecutively. The result was that the defendants were again sentenced to twelve years in prison, the same prison terms to which they were originally sentenced.

## ANALYSIS

■ Jordan and Meng contend that the district court's authority under Rule 35 is strictly limited to the correction of the illegal portion of an illegal sentence. *See Kennedy v. United States*, 330 F.2d 26, 27 (9th Cir.1964); *United States v. Lewis*, 862 F.2d 748, 750 (9th Cir.1988); *United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir.1988) (Rule 35's "authority to vacate and amend a sentence 'at any time' extends only to the illegal portion of the sentence"); *United States v. Clutterbuck*, 445 F.2d 839, 840 (9th Cir.), *cert. denied*, 404 U.S. 858, 92 S.Ct. 108, 30 L.Ed.2d 100 (1971). Jordan and Meng argue that the illegal portion of the sentences was their excessive length, but that the portion of the sentences which ordered that they run concurrently was legal and severable. According to this argument, the district court could only change the sentences by lopping off the illegal excess; it did not have the authority to order the corrected sentences to run consecutively. This court's decision in *Kennedy* directly supports the defendants' position. 330 F.2d at 27.

In *Kennedy*, the defendant was convicted and sentenced to a term of five years on one count under the Dyer Act, two terms of five years each on two forgery counts, and three terms of ten years each on three counts of breaking and entering a post office. All of the sentences were to run concurrently. Two months after the defendant had begun serving his sentences, he moved for correction of the sentences on the breaking and entering counts because the maximum sentence for these counts was five years each. The district court then resentenced the defendant. It left the unchallenged Dyar Act and forgery five-year sentences running concurrently with one another, and concurrently with a corrected five-year sentence on one of the breaking and entering counts. The district court also corrected the sentences on the two remaining breaking and entering counts by reducing their terms from ten years to five years each. But it ordered that the new five-year sentences on these two breaking and entering counts were to run consecutively to one another, rather than concurrently. Thus, the defendant again was sentenced to an overall ten years in prison. On appeal, we reversed holding that the district court was without authority to change the sentences from concurrent to consecutive; the district court could only eliminate the illegal excess of the terms imposed. Given the clear holding of *Kennedy*, and the similarity of its facts to the case now before us, we have no choice but to conclude that the district court only had authority to reduce the excess of the illegal sentences imposed on Jordan and Meng.[2]

The government argues we should overrule or limit *Kennedy* because it relied on an allegedly obsolete interpretation of the double jeopardy rule. *Cf. United States v. Carter*, 704 F.2d 1063, 1064 (9th Cir.1983) (suggesting that *Kennedy*'s authority as a double jeopardy case might have been undermined by *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)). However, neither *Carter* nor *DiFrancesco* cast any doubt on *Kennedy's* authority as a Rule 35 case. In *Kennedy*,

**2.** The facts in *Kennedy* do differ somewhat from the present case. In our case, there was no sentence which did not have an illegal component. In *Kennedy*, the sentences for the Dyer Act and forgery counts were legal and were left undisturbed by the resentencing. This, however, is not a sufficient basis on which to distinguish *Kennedy*. There, we stated:

The initial sentences imposed for the breaking and entering counts were *not* absolutely void but were void only as to the illegal or excessive portions thereof. Five year terms and their concurrent running were the *lawful portions* of the initial sentences; *only the excess of 5 years in each sentence was illegal. Kennedy v. United States*, 330 F.2d 26, 27 (9th Cir.1964) (internal citations omitted and emphasis added).

Here, as in *Kennedy*, there existed at all times a legal portion of the sentences.

we clearly distinguished cases concerning the district court's authority under Rule 35 from those concerning the district court's resentencing authority under an appellate court's mandate. *Kennedy*, 330 F.2d at 29; *see also United States v. Clutterbuck*, 445 F.2d 839, 840 (9th Cir.) (explaining that *Kennedy* was a Rule 35 case), *cert. denied*, 404 U.S. 858, 92 S.Ct. 108, 30 L.Ed.2d 100 (1971); *cf. United States v. Jenkins*, 884 F.2d 433, 440–41 (9th Cir.1989) (appeal from original judgment and sentence; remand for resentencing on legal and illegal portions of sentence appropriate).

The government contends that our decision in *United States v. Ford*, 632 F.2d 1354, 1380 (9th Cir.1980), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981), undercut the authority of *Kennedy*. We disagree. *Ford* only discussed *Kennedy* in the context of a double jeopardy challenge. *Kennedy*, however, is a Rule 35 case and as such it remains the law of this circuit. *See, e.g., United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir.1988).

The government also misinterprets our decision in *United States v. Clutterbuck*, 445 F.2d 839, 840 (9th Cir.), *cert. denied*, 404 U.S. 858, 92 S.Ct. 108, 30 L.Ed.2d 100 (1971). *Clutterbuck* did not limit the authority of *Kennedy* in the Rule 35 context. *Clutterbuck* involved resentencing authorized by a mandate of this court. *Clutterbuck*, 445 F.2d at 840. Our decisions clearly distinguish between the broad powers granted to the courts of appeals by 28 U.S.C. § 2106 and the much narrower powers granted to the district courts by Rule 35. *See, e.g., Minor*, 846 F.2d at 1187–89; *Clutterbuck*, 445 F.2d at 840; *Kennedy*, 330 F.2d at 29.[3] "Section 2106 plainly gives the court of appeals, not the district court, the authority to determine whether resentencing is appropriate." *Minor*, 846 F.2d at 1189 n. 5. Therefore, the govern-

ment's reliance on cases which define the limits of this court's power under section 2106 is misplaced. *See Clutterbuck*, 445 F.2d at 840.

Finally, the government argues that we should ignore *Kennedy* and follow the Second Circuit's decision in *United States v. Lopez*, 706 F.2d 108, 109–10 (2d Cir.1983) (per curiam). However, the *Lopez* court did not hold that Rule 35 compelled its particular holding. Instead, that court merely recognized that "a clear rule is necessary" and held that a district court can correct illegal sentences so long as the court does not make the length or conditions of confinement harsher than the original sentence. *Lopez*, 706 F.2d at 110. While the line drawn by *Lopez* might be fair, we have construed Rule 35 to allow district courts to correct only the illegal *portions* of sentences. *United States v. Minor*, 846 F.2d at 1188; *Kennedy v. United States*, 330 F.2d at 27. To the extent that this position is inconsistent with *Lopez*, we must eschew *Lopez* and follow *Kennedy*.

Because we reverse on the Rule 35 issue, we do not consider Jordan's and Meng's general double jeopardy argument. We do consider this argument, however, as it applies specifically to the order of remand in this case.

### ORDER FOR REMAND

The government asks us to give the district court a broad mandate to resentence the defendants according to that court's original intentions. However, such a broad mandate would give the district court power which it would not otherwise have under Rule 35.

On the other hand, we do not believe that it is necessary to limit our mandate to the excision of the "consecutive" portion of the

---

**3.** 28 U.S.C. § 2106 provides that:

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the

cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances

28 U.S.C. § 2106 (1982).

new sentences. Instead, we remand this case for resentencing and order that the new sentences be restructured as concurrent terms of no more than five years each.

■ Jordan and Meng argue that they have a legitimate expectation in the finality of the two-year terms of the new sentences because they have already served more than two years of imprisonment counting presentence jail and good time credits. Accordingly, they argue that the Double Jeopardy Clause prohibits resentencing them for longer terms. We disagree. We considered a similar question in *United States v. Edmonson*, 792 F.2d 1492, 1496–97 (9th Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987). As we explained in *United States v. Arrellano–Rios*, 799 F.2d 520, 524 (9th Cir.1986):

> [*Edmonson*] rejected the defendants' claim that, because they had served part or all of their sentences, the Double Jeopardy Clause prohibited the government's appeal. There can be no expectation of finality in sentences that are illegal and that were under challenge by the government from the moment the district court judges suggested the sentences they proposed to impose.

*Arrellano–Rios*, 799 F.2d at 524 (citations omitted) (discussing *Edmonson*). Similarly, Jordan and Meng, who have consistently challenged their sentences, cannot have had any expectation of finality in the two-year sentences they received.

REVERSED and REMANDED for re-sentencing consistent with this opinion.