**Lewis S. McDANIEL, Petitioner–Appellant,**

v.

**STATE OF ARIZONA; Attorney General of the State of Arizona, Respondents–Appellees.**

**No. 89–15510.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 1990.

Decided Dec. 28, 1990.

Atmore L. Baggot, Phoenix, Ariz., for petitioner-appellant.

Joseph T. Maziarz, Asst. Atty. Gen., Phoenix, Ariz., for respondents-appellees.

Before GOODWIN, C.J., BROWNING and RYMER, Circuit Judges.

PER CURIAM:

Lewis McDaniel appeals the denial of his petition for habeas corpus. Our review is de novo. *Carter v. McCarthy*, 806 F.2d 1373, 1375 (9th Cir.1986). We affirm the district court's dismissal of McDaniel's double jeopardy claim.[1]

McDaniel was convicted of first-degree murder, kidnapping and robbery, and sentenced to death for the murder charge, with concurrent terms of nine to ten years and twenty years to life on the kidnapping and robbery convictions respectively. The Arizona Supreme Court, on appeal, commuted McDaniel's death sentence to life imprisonment and ordered the robbery and kidnapping sentences to be served after the life sentence. 665 P.2d 70. McDaniel claims the change from concurrent to con-

---

1. McDaniel raises several additional issues, which we dispose of in a separate unpublished memorandum.

secutive sentences violated the double jeopardy clause.

■ The modification of McDaniel's sentence may not be fragmented. The effect of the modification as a whole was to reduce rather than increase McDaniel's punishment. We agree with the Eleventh Circuit that such modification does not violate the double jeopardy clause. *Thomas v. Newsome,* 821 F.2d 1550, 1556 (11th Cir. 1987). In *Cuffle v. Goldsmith,* 906 F.2d 385, 390–91 (9th Cir.1990), the sentence was changed from life imprisonment to death rather than vice versa. This distinction is dispositive. McDaniel's claim that due process was violated by the failure to notify him the state would seek consecutive sentences is unavailing for the same reason; the cases McDaniel cites dealt with sentence enhancement and recidivist statutes.

■ McDaniel's collateral estoppel argument is inapposite. Collateral estoppel applies only where "an issue of ultimate fact has once been determined" by a court. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Here, neither the original nor the substitute sentence constituted a "finding of ultimate fact." Were it otherwise any resentencing after appeal would be barred, and it clearly is not. *See, e.g., Bullington v. Missouri,* 451 U.S. 430, 438, 101 S.Ct. 1852, 1857–58, 68 L.Ed.2d 270 (1981) (double jeopardy imposes no absolute prohibition against imposition of a harsher sentence at retrial).

AFFIRMED.