993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Y.B. HAHN, Defendant-Appellant.
 No. 92-10441.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 12, 1993.
 
 MEMORANDUM**
 Before GOODWIN, TANG and NOONAN, Circuit Judges.
 
 
 1
 Paul Y.B. Hahn appeals after he was resentenced pursuant to our decision in his previous appeal, United States v. Hahn, 960 F.2d 903 (9th Cir.1992). On remand, the district court heard additional evidence, made extensive findings, and then reimposed the same sentence from which Hahn originally appealed. See id. at 907. Hahn now contends that the district court erred in hearing additional evidence, that the court's findings are not supported by the evidence, and that the court should have applied the "beyond a reasonable doubt" standard in making its findings. We affirm.
 
 I.
 
 2
 Hahn argues that the district court should have resentenced him based only on the record of the original sentencing. We disagree. The resentencing was not the limited proceeding Hahn suggests. Instead, it followed the termination of Hahn's first appeal in which we vacated his sentence. Thus, the district court correctly sentenced Hahn anew.
 
 
 3
 Contrary to Hahn's suggestion, the government's presentation of additional evidence at resentencing did not implicate the Double Jeopardy Clause because Hahn has consistently challenged his sentence and because he received the same sentence on remand. See United States v. Jordan, 895 F.2d 512, 516 (9th Cir.1989) (rejecting double jeopardy challenge to longer prison terms to be imposed on resentencing because defendants "consistently challenged their sentences" such that they had no expectation of finality in the sentences).
 
 
 4
 The district court's receipt of additional evidence at resentencing was simply an exercise of discretion in which we find no abuse. Cf. Bates v. Union Oil Co., 944 F.2d 647, 651 (9th Cir.1991) (district court's decision whether to apply collateral estoppel reviewed for abuse of discretion), cert. denied, 112 S.Ct. 1761 (1992); McDaniel v. Arizona, 921 F.2d 966 (9th Cir.1990) (rejecting collateral estoppel attack on resentencing because, taken to its extreme, the argument would wrongfully preclude resentencing after appeal), cert. denied, 111 S.Ct. 1426 (1991).
 
 II.
 
 5
 Hahn also challenges the district court's finding that the Summer 1988 drug transactions were "relevant conduct" for purposes of Hahn's March 1989 offenses. See Hahn, 960 F.2d at 905, 907. We review the district court's "relevant conduct" determinations for clear error. Id. at 907. Upon examination of the findings made at resentencing, we conclude the district court did not clearly err in determining that the Summer 1988 sales were part of the same "course of conduct" or "common scheme or plan" as the March 1989 possessions. The court considered the factors outlined in our prior decision, and found sufficient evidence of similarity, regularity, and temporal proximity. See id. at 910-11.
 
 
 6
 Hahn disputes this finding on three grounds. First, he contends that the evidence "reflects gaps of one or more months." Hahn further argues that the district court erred both in failing to account for fluctuations in the daily quantity of methamphetamine admittedly sold by Hahn, and in relying on Hahn's admission to calculate the amount of drugs involved.
 
 
 7
 As recounted by the district court, Hahn's activities were sophisticated and on-going. Under these circumstances, a one month gap in evidence of contraband sales does not render erroneous the district court's "relevant conduct" determination. See United States v. Lillard, 929 F.2d 500, 504 (9th Cir.1991) (evidence of sophisticated and on-going drug venture precluded clear error in district court's use of November 1988 quantities to calculate sentence for conviction based on July 1989 conduct).
 
 
 8
 Moreover, the district court did not clearly err in its calculation of the amount of methamphetamine Hahn sold during the summer of 1988. Hahn's admission that he sold an ounce of methamphetamine every three days during this period provided an adequate basis for the district court's determination. Mere speculation that this amount may have varied on a particular day does not render the finding clearly erroneous. Similarly, we see no basis for holding as clear error the district court's decision to credit Hahn's admission. Although Hahn may have hoped to gain some advantage by bragging and perhaps inflating his sales figures, the district court found the figures credible. Furthermore, the court took into account the possibility of inflated sales figures in not relying on Hahn's other admission that he sold quarter pounds of methamphetamine on a daily basis in July and August 1988. See 960 F.2d at 905.
 
 III.
 
 9
 Finally, Hahn contends the district court erred in not applying the "beyond a reasonable doubt" standard in making its findings on "relevant conduct." We reject this argument. In United States v. Restrepo, 946 F.2d 654 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992), we concluded that a preponderance standard usually suffices in determining "relevant conduct." Id. at 661. While we recognized that there may be exceptions to this rule, id. at 659-60, we did not suggest that the "reasonable doubt" standard would apply in such cases. Only two members of the en banc panel indicated that "relevant conduct" should be determined "beyond a reasonable doubt." Id. at 663 (Pregerson, J., joined by Hug, J., dissenting).
 
 
 10
 Here, the district court found the Summer 1988 conduct to be "relevant" not merely by a preponderance, but by clear and convincing evidence. Even assuming that Hahn's case presents an exception to the rule stated in Restrepo, the district court applied the correct standard in making its "relevant conduct" determination.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3