2 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lamone BULLARD, Defendant-Appellant.
 No. 92-50744.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 5, 1993.
 
 Before: BROWNING, TANG, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lamone Bullard appeals his sentence of 12 months, imposed under the United States Sentencing Guidelines, following his motion to correct an illegal sentence pursuant to Fed.R.Crim.Pro. 35(c).[1] Bullard claims, first, that the district court was not authorized to impose a 12-month term of imprisonment in lieu of the illegal, "split" sentence of which he complained, and second, that his corrected sentence was imposed without due process. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Rule 35
 
 3
 We review the legality of a sentence de novo. United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988). Given cause, a district court may terminate supervised release altogether, alter the length or terms of release, or revoke supervised release and return a former prisoner to custody. 18 U.S.C. Sec. 3583(e)(3). The district court may not exercise more than one of these options to impose a hybrid sentence. United States v. Behnezhad, 907 F.2d 896, 898 (9th Cir.1990). A district court's authority to vacate and amend an illegal sentence under Rule 35 "extends only to the illegal portion of the sentence, and does not empower the district court to reach legal sentences previously imposed." United States v. Minor, 846 F.2d 1184, 1188 (9th Cir.1988); accord United States v. Jordan, 895 F.2d 512, 515 (9th Cir.1989).[2]
 
 
 4
 In 1989, Bullard was sentenced to 48 months' imprisonment and five years' supervised release. In 1992, six months after he was released from custody, Bullard sustained new criminal convictions. At a hearing on November 10, 1992, Bullard admitted he had violated the terms of his supervised release. These violations exposed him to a Guidelines sentence of eight to 14 months in prison. The district court sentenced him to eight months in prison to be followed by the resumption of his unserved term of supervised release. Following Bullard's second motion to correct an illegal sentence, the district court sentenced him to a 12-month term of imprisonment. Bullard claims the district court lacked the authority under Rule 35 to resentence him to a term of imprisonment longer than eight months. We disagree.
 
 
 5
 Our precedent requires the severance and preservation of the legal portion of a sentence that is partly illegal. See Minor, 846 F.2d at 1188; Jordan, 895 F.2d at 515. Here, either portion of the original sentence, standing alone, would have been legal. It was their combination that rendered Bullard's sentence illegal. See Behnezhad, 907 F.2d at 899. Therefore, the district court properly vacated the entire sentence and started afresh. See id. at 898.
 
 B. Due Process
 
 6
 Bullard contends that his corrected sentence was vindictive and imposed in violation of the Due Process Clause. He cites the rule announced in North Carolina v. Pearce: "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his so doing must affirmatively appear." Pearce, 395 U.S. 711, 725-26 (1969). Without deciding whether Pearce applies to Rule 35 proceedings, we hold Bullard's corrected sentence was not imposed without due process.
 
 
 7
 First we note that the corrected sentence of twelve months in prison was not necessarily harsher than the original sentence of eight months in prison followed by four and one-half years of supervised release. Moreover, the record supports the district court's conclusion that Bullard needed supervision outside of prison, and reflects the district court's frustration that split sentencing was not an option. These concerns amply justify the longer term of imprisonment the district court imposed at resentencing. Accordingly, we discern no deprivation of due process. See Pearce, 395 U.S. at 725-26.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court treated Bullard's timely Rule 35(c) motion as made pursuant to 28 U.S.C. Sec. 2255
 
 
 [2]
 The government argues that the district court's authority under 28 U.S.C. Sec. 2255 is not so limited. We do not address this claim here because we hold the district court acted within the arguably more limited authority conferred by Rule 35