50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Mark Douglas ZUBICK, Defendant-Appellant.
 No. 94-50154.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1994.
Decided March 23, 1995.
 
 BEFORE: SCHROEDER, FLETCHER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Mark Zubick appeals his six-year sentence of imprisonment for his 1988 conviction for the unauthorized use of an access device, 18 U.S.C. Sec. 1029(a)(2). Zubick claims that he was subjected to double jeopardy at the time of his original sentencing when the district court aggregated pre- and post-guidelines losses to enhance the pre-guidelines sentence but failed to make that sentence run concurrently with his post-guidelines sentence. We have jurisdiction, 28 U.S.C. Secs. 1291, 2255, and vacate the sentence and remand for resentencing.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In 1988, Zubick pleaded guilty to charges resulting from his theft of mail containing credit cards and subsequent use of the cards to make purchases.[1] On March 10, 1989, the court resentenced Zubick on two counts of possession of stolen mail, 18 U.S.C. Sec. 1708, and one count of the unauthorized use of an access device, 18 U.S.C. Sec. 1029(a)(2). The sentence for stolen mail was based on the sentencing guidelines ("guidelines sentence"), and the sentence for the unauthorized use of an access device was made under pre-guidelines law ("pre-guidelines sentence").[2]
 
 
 4
 In its determination of the offense level for the guidelines sentence under U.S.S.G. Sec. 1B1.3(a)(2), the district court relied on the total loss of $17,134, of which $14,236.43 was attributable to the pre-guidelines count of the unauthorized use of the credit cards. Inclusion of this pre-guidelines loss resulted in an increased base offense level of two points. U.S.S.G. Sec. 2B1.1(b)(1)(F). For the guidelines sentence, Zubick was sentenced to two years in prison followed by a two-year period of supervised release. For the pre-guidelines offense, the court suspended the imposition of sentence and placed Zubick on probation for five years to commence upon his release from the two-year guidelines sentence. In addition, Zubick was required to pay restitution of $14,236.43 for that portion of the credit card charges attributable to his pre-guidelines conduct.
 
 
 5
 In July of 1989, after serving the two-year prison sentence for the guidelines offense,[3] Zubick was released from custody to begin serving his two-year supervised release term and the six-year term of probation. Shortly thereafter, he violated the terms of his supervised release and probation by failing to provide urine samples and by, once again, stealing credit cards from the mail and using them. Zubick pleaded guilty to these new charges and was sentenced to thirty months in prison followed by a three-year period of supervised release ("new sentence").
 
 
 6
 In 1991, the district court resentenced Zubick on his guidelines and pre-guidelines sentences based on his violation of his supervised release and probation. The court revoked the supervised release for the guidelines counts and sentenced Zubick to an additional two years in prison ("revoked supervised release sentence"). This sentence was to be served concurrently with his new sentence of thirty months imprisonment. For the pre-guidelines count, the sentence under review here, the district court revoked Zubick's probation and sentenced him, under 18 U.S.C. Sec. 4205(b)(2),[4] to a six-year prison term ("revoked probation sentence") to be served consecutive to the thirty-month sentence for the new offense.
 
 
 7
 On April 29, 1992, Zubick completed his two-year term for the revoked supervised release. On October 6, 1992, he completed his thirty-month prison term for his new sentence for his "new" crime. Zubick is currently serving his six-year revoked probation sentence for his pre-guidelines crime.
 
 
 8
 In August of 1992, Zubick filed a motion based on 28 U.S.C. Sec. 2255, arguing that under United States v. Niven, 952 F.2d 289, 294 (9th Cir.1991), his revoked probation sentence for a six-year consecutive prison term violated the Double Jeopardy Clause. He claimed that because the pre-guidelines loss had been aggregated with the post-guidelines loss in his original guidelines sentence pursuant to U.S.S.G. Sec. 1B1.3(a)(2), the revoked probation sentence should have been set to run concurrently with the sentence imposed on the pre-guidelines count. The district court denied this motion, and Zubick timely appealed.
 
 
 9
 On appeal, the Government moved for summary reversal for resentencing under Niven. On October 14, 1993, we remanded for resentencing. Zubick v. United States, No. 92-56341 (9th Cir. Oct. 14, 1993). On remand, the district court reimposed the six-year sentence, with the condition that it run concurrently. In its oral statement, the court indicated that the six-year sentence was to run concurrent to the original guidelines sentence. However, the subsequent written order appeared to make the sentence run concurrent only to the two-year term for the revoked supervised release sentence. This appeal followed.
 
 STANDARD OF REVIEW
 
 10
 A double jeopardy claim raises issues of constitutional and statutory interpretation and review is de novo. United States v. Contreras-Subias, 13 F.3d 1341, 1343 (9th Cir.), cert. denied, 114 S.Ct. 2105 (1994).
 
 DISCUSSION
 I.
 
 11
 Zubick argues that the district court failed to comply with the requirements of United States v. Niven, 952 F.2d 289 (9th Cir.1991), when it resentenced him to a six-year prison term on his non-guidelines offense to run concurrent only with the revoked supervised release term.[5] We agree.
 
 
 12
 Under United States v. Niven, where pre- and post-guidelines losses are aggregated to enhance a post-guidelines sentence--as they clearly were for the original guidelines sentence--the sentences imposed on the pre- and post-guidelines offenses must run concurrently. 952 F.2d at 294 ("[T]he court may aggregate the amount of losses in calculating the offense level for the Guidelines sentence, so long as it imposes concurrent sentences for the pre-Guidelines and Guidelines offenses.").
 
 
 13
 The sentences imposed at the time of the revocation of supervised release and probation violated this rule by making the six-year revoked probation sentence run consecutive to the revoked supervised release sentence. The Government conceded as much and the case was remanded to correct the sentence. The district court attempted to eliminate the double jeopardy problem on remand by ordering that the sentences would run concurrently, but what was concurrent to what was unclear. When the six-year sentence would begin to run and concurrent to what was ambiguous. From the bench, Judge Davies stated:
 
 
 14
 Pursuant to 4205(b)(2), said sentence shall be served by the defendant concurrent to the sentence in case number CR 88-157-JGD, as reflected in the judgment and commitment order, dated March 10, 1989.
 
 
 15
 This order appears to satisfy Niven by making the sentence run concurrent to the original guidelines sentence. However, in its written order, the court made the six-year sentence run concurrent only to the revoked supervised release sentence that commenced in 1991:
 
 
 16
 It is further adjudged as to Case No. CR 88-157(A) JGD, on Count 1, that Mark Douglas Zubick is found in violation of probation. Probation is hereby revoked and he is ordered committed to the custody of the Attorney General for six years pursuant to Title 18, United States Code, Section 4205(b)(2). Said sentence shall be served concurrently with the sentence in Case No. CR 91-157 JGD.[6]
 
 
 17
 Because the written order refers only to the later date and case, the Bureau of Prisons has interpreted this sentence as running concurrent to the 1991 supervised release revocation with no credit for the two years initially served on the guidelines sentence.
 
 
 18
 We vacate the district court's written order and remand with instructions to resentence to make the six-year sentence run concurrent to the guidelines sentence. This would entitle Zubick to credit for all prison time served on the first two-year guidelines sentence and the time served on the revoked supervised release sentence, with no credit for time spent outside on supervised release. See 18 U.S.C. Sec. 3583(e)(3) (no credit for time served under post-release supervision when resentencing for supervised release violation).
 
 II.
 
 19
 Zubick argues next that the six-year revoked probation sentence cannot be corrected to run concurrently with the guidelines sentence because that sentence has already been completely served. We disagree.
 
 
 20
 First, it is not apparent to us that Zubick had an expectation of finality in the pre-guideline sentence that attaches when a sentence has been completely served. In 1991, when the six-year prison sentence was first imposed to run consecutively (probation to run consecutively was imposed in 1989), Zubick had not completed his original guidelines sentence. See, e.g., United States v. Jordan, 895 F.2d 512, 516 (9th Cir.1989) (citing United States v. Edmonson, 792 F.2d 1492, 1496-97 (9th Cir.1986), cert. denied, 479 U.S. 1037 (1987); United States v. Andersson, 813 F.2d 1450, 1461 (9th Cir.1987).
 
 
 21
 Second, even if the guidelines sentence has now been completely served, the sentencing court is free to correct its mistake and make the pre-guidelines sentence run concurrent to the completed guidelines sentence. Our decision rests on Jones v. Thomas, 491 U.S. 376 (1989). In that case, the Supreme Court rejected the general proposition that "the Double Jeopardy Clause requires immediate release for the prisoner who has satisfied the shorter of two consecutive sentences that could not both lawfully be imposed." 491 U.S. at 382. The Jones court allowed two prison sentences to be adjusted to strike the shorter sentence, which had already been completely served, while leaving the longer sentence intact. Id.
 
 
 22
 The defendant attempts to distinguish his case from Jones by arguing that under Ex Parte Lange, 85 U.S. (18 Wall.) 163 (1874), and In re Bradley, 318 U.S. 50 (1943), a double jeopardy violation cannot be corrected once a sentence has been completed. However, the Jones Court limited Lange and Bradley to true alternative punishment cases--situations in which the defendant has committed one crime punishable either by a fine or imprisonment, and has already completed one of the two. 491 U.S. at 383-84. In contrast, Zubick was charged with separate crimes based on separate acts, both of which could be lawfully punished concurrently without violating double jeopardy principles. Id.; see also Niven, 952 F.2d at 294. Where separate sentences can be lawfully imposed, the defendant has no legitimate expectation of finality in serving only one of the sentences. Jones, 491 U.S. at 386. Consequently, the defendant's concurrent sentences fall clearly within the ambit of Jones.
 
 
 23
 VACATED and REMANDED for resentencing in accordance with our instructions herein.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Zubick was originally sentenced in 1988 under pre-guidelines law prior to the Supreme Court's decision in Mistretta v. United States, 488 U.S. 361 (1989), which held that the sentencing guidelines are constitutional. After this decision, Zubick moved for resentencing under the Guidelines. For the purposes of this decision, this resentencing in March of 1989 is the relevant original sentence
 
 
 [2]
 The unauthorized use of an access device was completed prior to November 1, 1987, and did not come under the sentencing guidelines. See United States v. Gray, 876 F.2d 1411, 1418 (9th Cir.1989), cert. denied, 495 U.S. 930 (1990)
 
 
 [3]
 This release date reflects credit earned for the time Zubick was held in pre-trial custody, which began in February of 1988, and any good time credits that may have been earned in prison
 
 
 [4]
 Prior to the revocation, sentencing on this count had been suspended
 
 
 [5]
 Zubick also argues that his sentence violates the requirements for split-sentencing under 18 U.S.C. Sec. 3651. However, this statute is inapplicable here because Zubick was convicted of two offenses, not one. Therefore, his claim must rest on double jeopardy and not improper split-sentencing for a single charge. See United States v. Edick, 603 F.2d 772, 775 (9th Cir.1979)
 
 
 [6]
 Case No. 91-157-JGD refers to the resentencing on the guidelines count in 1991