**UNITED STATES of America,**
**Appellee–Cross–Appellant,**

v.

**Eric Lamont LUCAS, Chris Williams,**
**Defendants–Appellants–Cross–**
**Appellees,**

**Joseph Michael Rogers, Randolph**
**Lucas, Defendants.**

Nos. 04–2110, 04–2339, 04–2946, 04–2948.

United States Court of Appeals,
Second Circuit.

April 28, 2005.

---

Yuanchung Lee, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, New York, for Appellants–Cross Appellees.

David C. James, Assistant United States Attorney for the Eastern District of New York (Roslynn, Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney for the Eastern District of New York, on the brief), for Appellee–Cross Appellant.

Present: OAKES, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION,** IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is **AFFIRMED.**

Eric Lamont Lucas and Chris Williams appeal (and the government conditionally cross-appeals) from a final order granting in part and denying in part the defendants' motion pursuant to old Rule 35(a) of the Federal Rules of Criminal Procedure (pre–1987 version) [hereinafter "Rule 35(a)"].

In 1993, the defendants pled guilty under old Rule 11(e)(1)(C) [hereinafter "11(e)(1)(C)"] (now Rule 11(c)(1)(C)).[1] They were sentenced under the pre-guidelines regime on two counts: [i] RICO (18 U.S.C. § 1962(c)—(d)) and [ii] conspiracy to distribute an unspecified quantity of narcotics (21 U.S.C. §§ 841(a), 846). On the RICO count they received 20 years, and on the conspiracy count they received 25, the two sentences to run concurrently. On defendants' Rule 35 motion, the district court held that the 25 years on the conspiracy count exceeded the permissible statutory maximum for an unspecified quantity of drugs under *Apprendi*. *See* 21 U.S.C. §§ 841(a), 846. The court vacated the defendants' sentences on the narcotics conspiracy count and resentenced them to five years on this count, to run consecutively with the 20 year sentence on the racketeering count. The final order was entered in the United States District Court for the Eastern District of New York (Korman, *C.J.*) on April 6, 2004. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Assuming without deciding that an *Apprendi* claim may be raised in a Rule 35 motion challenging a sentence that became final before *Apprendi* was decided, it would seem that the alteration was within the court's remedial powers under Rule 35. *United States v. Lopez*, 706 F.2d 108, 109 (2d Cir.1983) (per curiam). We are unpersuaded by defendants' efforts to distin-

---

1. This Order cites to the version of the Rules pre-November 1987, which was the applicable version at the time of defendants' sentencing and conviction.

guish *Lopez*. Defendants do not argue and have not set forth any evidence that they suffered prejudice as to the length or conditions of confinement because of the sentence correction. Nor have they demonstrated that the corrected sentence affects their prospects for parole or the calculation of good time. *See id.* at 110.

Defendants concede that they did not ask the district court for the opportunity to withdraw their guilty pleas on the theory that their sentences violated *Apprendi*, and that they instead asked the district court to resentence them. They argue on appeal that it was error for the district court to fail to *sua sponte* offer them the opportunity to withdraw their guilty pleas before it resentenced them in a way "not contemplated by the parties." We disagree. The defendants' failure to seek an opportunity to withdraw their guilty pleas was the intentional relinquishment of a known right. *See United States v. Yu–Leung*, 51 F.3d 1116, 1121–23 (2d Cir. 1995). Defendants' Rule 35(a) motions specifically asked the district court to "correct" the agreed-upon sentences by "exercis[ing] its authority under Rule 35(a) and reduc[ing] the sentence on Count Two to 20 years." Even assuming that defendants might have had a right to withdraw their pleas at that juncture for this reason, it is apparent that the defendants' abandonment of their right to withdraw their pleas was a "strategic choice"; rather than cast aside the benefit of their plea bargain, they sought only to bring their sentences in line with *Apprendi*. *See id.* at 1122. They cannot now complain that the district court granted their request to amend their sentences merely because they do not like the manner in which the district court brought their sentences in line with *Apprendi*.

Because we find the defendants' challenges unavailing, we expressly decline to reach the government's contentions on cross-appeal, including (*inter alia*) the appropriate retroactivity analysis of a new constitutional rule on a Rule 35 motion and whether or not plain error analysis should apply to the original sentencing error— arguments which the government has interposed conditional on this Court's finding defendants' challenges persuasive.

For the foregoing reasons, the judgment of conviction is hereby **AFFIRMED**.